# NEWMAN MYERS KREINES GROSS HARRIS, P.C.

JAN KEVIN MYERS
CHARLES W. KREINES
OLIVIA M. GROSS
IAN F. HARRIS
CHARLES DEWEY COLE, JR**

STEPHEN N. SHAPIRO
Of Counsel

RICHARD L. NEWMAN   (1921-2006)
ABRAHAM S. ALTHEIM   (1954-2005)

ATTORNEYS AT LAW
40 WALL STREET
NEW YORK, NY 10005
(212) 619-4350
FAX: (212) 619-3622
www.nmkgh.com

NEWMAN MYERS KREINES GROSS HARRIS
A PARTNERSHIP PRACTICING IN NEW JERSEY AFFILIATED WITH
NEWMAN MYERS KREINES GROSS HARRIS, P.C.

ABRAHAM A. FRIEDMAN
JANINE SILVER
TIMOTHY B. PARLIN*
ADRIENNE YARON
LUIS G. SABILLON*
MICHAEL WINTER
PATRICK M. CARUANA*
SHAHIN Y. MASHHADIAN
JASON B. ATKINSON
CHRISTOPHER P. MYERS*

*   ALSO ADMITTED IN NJ
**  ALSO ADMITTED IN NJ, DC & TX

May 9, 2018

**VIA CM/ECF**
The Honorable Lorna G. Schofield
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**    **Kiss v. Clinton Green North, LLC**
            **Docket No. 17 Civ. 10029 (LGS)**
            **Our Reference: NAVB22303**

Dear Judge Schofield:

      We are the attorneys for defendant Clinton Green North, LLC.  We welcome the opportunity to bring the court up to date on the progress of disclosure as directed by the court's May 2 order.

      We apologize for Clinton Green's delay in serving its initial rule-26 disclosure, which was not served until May 2.  Unfortunately, Clinton Green, which had asked Judy Painting Corp. to paint apartment 10A because it was being turned over to a new occupant, was hampered in making its initial disclosure because it knew little more than it had asked Judy Painting Corp. to come and paint the apartment.  It was, however, able to locate the name of the principal at Judy Painting, the name of Judy Painting's supervisor for Tibor Kiss, and the names of two painters.  It also was able to find Judy Painting's price list and its invoice for the job.

      It might be useful to contrast Clinton Green's initial disclosure with that served by the plaintiff, Tibor Kiss.  Kiss should know who supervised him at Judy Painting, who supplied the ladder on which he was standing (and from which he presumably fell), and the names of the other painters.  Instead of disclosing any of those names, Kiss disclosed only himself as having discoverable information and then added that he was also relying on "doctors and/or medical practitioners that treated" him and that Clinton Green could get those names by looking through the medical records.  Similarly, when it came to Kiss's "computation of each

NEWMAN MYERS KREINES GROSS HARRIS
The Honorable Lorna G. Schofield
May 9, 2018
Page 2 of 2

category of damages claimed by" him, he provided no computations whatsoever. He simply listed "[p]ast lost earnings, future lost earnings, future lost earnings, future cost of healthcare." Everyone knew that.

What the other parties don't know—and what Kiss ought to disclose—is who was supervising him, who gave him the ladder (it wasn't Clinton Green), and who was working with him. Kiss also should be able to estimate how long he was out of work and how much money he lost. He easily could have provided the time he missed from work and his average daily earnings. But he didn't. Similarly, Kiss provided no disclosure—not even an estimate—of his medical expenses. Thus, far from providing the disclosure required under rule 26, Kiss simply told everyone what they already knew.

The court earlier asked us to bring it up to date on the status of the claims against the third-party defendants. Third-party defendant Judy Painting Corp. appeared on May 4 when it answered the third-party complaint. Third-party defendant Z&Z Service Inc., an appearance from which was due on May 4, is in default. We shall ask the clerk to enter its default.

The court may wish to use the up-coming May 16 status conference to adjust its scheduling order to account for Judy Painting's appearance.

Respectfully,

NEWMAN MYERS KREINES GROSS HARRIS, P.C.

Charles D. Cole, Jr

CDC:ls
cc:
**VIA CM/ECF**
Holly Ostrov Ronai, Esq.
Ronai & Ronai, LLP
34 Adee Street
Port Chester, New York 10573

**VIA CM/ECF**
Tracy J. Abatemarco, Esq.
Wood Smith Henning & Berman LLP
685 Third Avenue
New York, New York 10017