RONAI & RONAI, LLP
ATTORNEYS AT LAW

THE RONAI BUILDING
34 ADEE STREET
PORT CHESTER, NY 10573
TELEPHONE (914) 824-4777

May 10, 2018

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

      Re:    Tibor Kiss v. Clinton Green North, LLC, et al.
              Docket No.: 17-cv-10029 (LGS)

Your Honor:

      We are respectfully writing in response to defendant Clinton Green North, LLC's letter dated May 9, 2018, as it contained material factual inaccuracies.

      The Court should initially be made aware that counsel for defendant Clinton Green North, LLC is directly attacking plaintiff and his Initial Disclosures, instead of providing this Court with a meaningful status update. This is surprising as our office made a good faith effort to resolve any discovery issues prior to notifying this Court of same. One week prior to submitting our letter to the Court, Tim Lavin, an attorney with our office, spoke directly with defense counsel Charles Coles Jr. to inform him that his client's Initial Disclosures were overdue and to forward same to our office forthwith. However, defense counsel thereafter failed to serve the Initial Disclosures in compliance with Your Honor's Order and as such, we had no choice but to notify this Court.

      Rather than explain why the Initial Disclosures were late, defendant Clinton Green North, LLC decided instead to fabricate alleged deficiencies with plaintiff's timely disclosures. First, whether or not defendant had enough information, a response should have been timely served as per your Order. Further, defendant Clinton Green North, LLC claims that "it knew little more than it had asked Judy Painting Corp. to come and paint the apartment." However, this is clearly false as defendant Clinton Green North, LLC was already in possession of their own in-house incident report, which was subsequently exchanged in defendant's (late) Initial Disclosures. As such, defendant Clinton Green North, LLC had at least basic information regarding the subject incident, enough to serve Initial Disclosures.

      Additionally, plaintiff's Initial Disclosures were clearly sufficient. Defendant Clinton Green North, LLC claims that plaintiff failed to provide names of other painters or the person who supervised him at Judy Painting. Defendant Clinton Green North, LLC is well aware that Mr. Kiss was working alone in the apartment when the incident occurred, as confirmed by defendant's own incident report, and

as such, there were no witnesses to disclose. Furthermore, Mr. Kiss was employed with Z&Z Services, Inc., as set forth in the Amended Complaint, and not by Judy Painting.

As defense counsel is aware, Initial Disclosures are not a substitute for responses to interrogatories, or depositions. The identity of the person who gave Mr. Kiss a ladder is not relevant to an owner on a Labor Law 240(1) case, and at the very least is certainly not required for Initial Disclosures. Plaintiff also properly disclosed the category of damages to defendant Clinton Green North, LLC. However, plaintiff was unable to provide an accurate computation of damages at this time, as Mr. Kiss has not yet returned to work and his past and future earnings have not yet been established. Plaintiff indicated in his Initial Disclosures that a computation of such damages would be provided in the future along with an expert report. Lastly, defense counsel is also well aware that plaintiff was injured while he was working and thus, his medical expenses are presently being paid by workers' compensation.

Clearly, defense counsel has mischaracterized the facts herein, in an attempt to "shift the blame" for his actions and further, the alleged issues set forth in defendant's letter are disingenuous.

Respectfully yours,

Molly Ostrov Ronai

cc:

**VIA CM/ECF**
NEWMAN MYERS KREINES GROSS HARRIS, P.C.
Attorneys for Clinton Green North, LLC

WOOD SMITH HENNING & BERMAN LLP
Attorneys for Judy Painting Corp.