UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------

TIBOR KISS,

                    Plaintiff,

          -against-

CLINTON GREEN NORTH, LLC, DERMOT CLINTON
GREEN, LLC, AVALONBAY COMMUNITIES, INC., JUDY
PAINTING CORP. and ABC CORP., a fictitious name intending to
be that of an unknown general contractor,

                    Defendants.

-----------------------------------------------

CLINTON GREEN NORTH, LLC,

                    Third-Party Plaintiff,

          -against-

JUDY PAINTING CORP., Z&Z CONSTRUCTION &
PAINTING, INC., and Z&Z SERVICE INC.

                    Third-Party Defendants.

-----------------------------------------------

CASE NO.
17-CV-10029 (LGS)

**SECOND AMENDED
COMPLAINT AND
JURY DEMAND**

          Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Second

Amended Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

          1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a

result of the negligence of defendant on September 12, 2017, in the County of New York, State

of New York.

## II. JURISDICTION AND VENUE

          2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

          3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Southern District of New York in that the events giving rise to this action occurred within the Southern District of New York.

### III. THE PARTIES

5. At all times herein mentioned, plaintiff TIBOR KISS was and still is a citizen and resident of Hungary.

6. The defendant CLINTON GREEN NORTH, LLC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Delaware, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

7. The defendant CLINTON GREEN NORTH, LLC, is wholly owned by defendant DERMOT CLINTON GREEN, LLC.

8. The defendant CLINTON GREEN NORTH, LLC, is a subsidiary of defendant DERMOT CLINTON GREEN, LLC.

9. The defendant DERMOT CLINTON GREEN, LLC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Delaware, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

10. The defendant DERMOT CLINTON GREEN, LLC, is wholly owned by defendant AVALONBAY COMMUNITIES, INC.

11. The defendant DERMOT CLINTON GREEN, LLC, is a subsidiary of defendant AVALONBAY COMMUNITIES, INC.

12. The defendant AVALONBAY COMMUNITIES, INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Maryland,

licensed to do business in New York, with its principal place of business situated in the State of Virginia.

13. The defendant JUDY PAINTING CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of Queens and the State of New York.

14. The defendant ABC CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of an unknown State, with its principal place of business situated in an unknown County and an unknown State.

## IV. FACTUAL ALLEGATIONS

15. On September 12, 2017, plaintiff TIBOR KISS was performing certain construction work at the premises known as "Avalon Clinton," located at 515 West 52nd Street, New York 10019, [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

16. On September 12, 2017, plaintiff TIBOR KISS was employed by Z&Z SERVICE INC.

17. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant CLINTON GREEN NORTH, LLC.

18. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant DERMOT CLINTON GREEN, LLC.

19. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant AVALONBAY COMMUNITIES, INC.

20. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant JUDY PAINTING CORP.

21. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

22. At all times mentioned defendant CLINTON GREEN NORTH, LLC was an agent of defendant DERMOT CLINTON GREEN, LLC.

23. At all times mentioned defendant CLINTON GREEN NORTH, LLC was a mere department of defendant DERMOT CLINTON GREEN, LLC.

24. At all times mentioned defendant CLINTON GREEN NORTH, LLC was an agent of defendant AVALONBAY COMMUNITIES, INC.

25. At all times mentioned defendant CLINTON GREEN NORTH, LLC was a mere department of defendant AVALONBAY COMMUNITIES, INC.

26. At all times mentioned defendant DERMOT CLINTON GREEN, LLC was an agent of defendant AVALONBAY COMMUNITIES, INC.

27. At all times mentioned defendant DERMOT CLINTON GREEN, LLC was a mere department of defendant AVALONBAY COMMUNITIES, INC.

28. That at some point prior to September 12, 2017, defendant CLINTON GREEN NORTH, LLC entered into an agreement with ABC CORP., wherein and whereby it was agreed, among other things, that ABC CORP. would perform construction work and provide labor services at the subject premises.

29. That on September 12, 2017, ABC CORP. was the general contractor working at the subject premises for defendant CLINTON GREEN NORTH, LLC.

30. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

31. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

32. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

33. That at some point prior to September 12, 2017, defendant CLINTON GREEN NORTH, LLC entered into an agreement with Z&Z SERVICE INC., wherein and whereby it was agreed, among other things, that Z&Z SERVICE INC. would perform construction work and provide labor services at the subject premises.

34. That on September 12, 2017, Z&Z SERVICE INC. was the contractor working at the subject premises for defendant CLINTON GREEN NORTH, LLC.

35. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

36. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

37. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

38. That at some point prior to September 12, 2017, defendant CLINTON GREEN NORTH, LLC entered into an agreement with JUDY PAINTING CORP., wherein and whereby it was agreed, among other things, that JUDY PAINTING CORP. would perform construction work and provide labor services at the subject premises.

39. That on September 12, 2017, JUDY PAINTING CORP. was the contractor working at the subject premises for defendant CLINTON GREEN NORTH, LLC.

40. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

41. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

42. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

43. That at some point prior to September 12, 2017, defendant DERMOT CLINTON GREEN, LLC entered into an agreement with ABC CORP., wherein and whereby it was agreed, among other things, that ABC CORP. would perform construction work and provide labor services at the subject premises.

44. That on September 12, 2017, ABC CORP. was the general contractor working at the subject premises for defendant DERMOT CLINTON GREEN, LLC.

45. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

46. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

47. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

48. That at some point prior to September 12, 2017, defendant DERMOT CLINTON GREEN, LLC entered into an agreement with Z&Z SERVICE INC., wherein and whereby it was

agreed, among other things, that Z&Z SERVICE INC. would perform construction work and provide labor services at the subject premises.

49. That on September 12, 2017, Z&Z SERVICE INC. was the contractor working at the subject premises for defendant DERMOT CLINTON GREEN, LLC.

50. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

51. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

52. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

53. That at some point prior to September 12, 2017, defendant DERMOT CLINTON GREEN, LLC entered into an agreement with JUDY PAINTING CORP., wherein and whereby it was agreed, among other things, that JUDY PAINTING CORP. would perform construction work and provide labor services at the subject premises.

54. That on September 12, 2017, JUDY PAINTING CORP. was the contractor working at the subject premises for defendant DERMOT CLINTON GREEN, LLC.

55. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

56. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

57. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

58. That at some point prior to September 12, 2017, defendant AVALONBAY COMMUNITIES, INC. entered into an agreement with ABC CORP., wherein and whereby it was agreed, among other things, that ABC CORP. would perform construction work and provide labor services at the subject premises.

59. That on September 12, 2017, ABC CORP. was the general contractor working at the subject premises for defendant AVALONBAY COMMUNITIES, INC.

60. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

61. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

62. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

63. That at some point prior to September 12, 2017, defendant AVALONBAY COMMUNITIES, INC. entered into an agreement with Z&Z SERVICE INC., wherein and whereby it was agreed, among other things, that Z&Z SERVICE INC. would perform construction work and provide labor services at the subject premises.

64. That on September 12, 2017, Z&Z SERVICE INC. was the contractor working at the subject premises for defendant AVALONBAY COMMUNITIES, INC.

65. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

66. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

67. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

68. That at some point prior to September 12, 2017, defendant AVALONBAY COMMUNITIES, INC. entered into an agreement with JUDY PAINTING CORP., wherein and whereby it was agreed, among other things, that JUDY PAINTING CORP. would perform construction work and provide labor services at the subject premises.

69. That on September 12, 2017, JUDY PAINTING CORP. was the contractor working at the subject premises for defendant AVALONBAY COMMUNITIES, INC.

70. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

71. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

72. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

73. That at some point prior to September 12, 2017, defendant JUDY PAINTING CORP., entered into an agreement with Z&Z SERVICE INC., wherein and whereby it was agreed, among other things, that Z&Z SERVICE INC., would perform construction work and provide labor services at the subject premises.

74. That on September 12, 2017, Z&Z SERVICE INC. was the contractor working at the subject premises for defendant JUDY PAINTING CORP.

75. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

76. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

77. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

78. That at some point prior to September 12, 2017, defendant ABC CORP., entered into an agreement with Z&Z SERVICE INC., wherein and whereby it was agreed, among other things, that Z&Z SERVICE INC., would perform construction work and provide labor services at the subject premises.

79. That on September 12, 2017, Z&Z SERVICE INC. was the contractor working at the subject premises for defendant ABC CORP.

80. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

81. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

82. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

83. That at some point prior to September 12, 2017, defendant ABC CORP., entered into an agreement with JUDY PAINTING CORP., wherein and whereby it was agreed, among other things, that JUDY PAINTING CORP., would perform construction work and provide labor services at the subject premises.

84. That on September 12, 2017, JUDY PAINTING CORP. was the contractor working at the subject premises for defendant ABC CORP.

85. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

86. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

87. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

88. That thereafter, and on or about September 12, 2017, Z&Z SERVICE INC. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant CLINTON GREEN NORTH, LLC.

89. That thereafter, and on or about September 12, 2017, Z&Z SERVICE INC. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant DERMOT CLINTON GREEN, LLC.

90. That thereafter, and on or about September 12, 2017, Z&Z SERVICE INC. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant AVALONBAY COMMUNITIES, INC.

91. That thereafter, and on or about September 12, 2017, Z&Z SERVICE INC. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant JUDY PAINTING CORP.

92. That thereafter, and on or about September 12, 2017, Z&Z SERVICE INC. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

93. That thereafter, and on or about September 12, 2017, Defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant CLINTON GREEN NORTH, LLC.

94. That thereafter, and on or about September 12, 2017, Defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant DERMOT CLINTON GREEN, LLC.

95. That thereafter, and on or about September 12, 2017, Defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant AVALONBAY COMMUNITIES, INC.

96. That thereafter, and on or about September 12, 2017, Defendant JUDY PAINTING CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant CLINTON GREEN NORTH, LLC.

97. That thereafter, and on or about September 12, 2017, Defendant JUDY PAINTING CORP. was actually engaged in performing construction work and labor services at the subject

premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant DERMOT CLINTON GREEN, LLC.

98. That thereafter, and on or about September 12, 2017, Defendant JUDY PAINTING CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant AVALONBAY COMMUNITIES, INC.

99. That thereafter, and on or about September 12, 2017, Defendant JUDY PAINTING CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

100. That at all times herein mentioned, and or about September 12, 2017, plaintiff TIBOR KISS was actually engaged in the course of his employment as a construction laborer by Z&Z SERVICE INC., which said contractor was engaged by defendant CLINTON GREEN NORTH, LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant CLINTON GREEN NORTH, LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

101. That at all times herein mentioned, and or about September 12, 2017, plaintiff TIBOR KISS was actually engaged in the course of his employment as a construction laborer by Z&Z SERVICE INC., which said contractor was engaged by defendant DERMOT CLINTON GREEN, LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or

supervised by defendant DERMOT CLINTON GREEN, LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

102. That at all times herein mentioned, and or about September 12, 2017, plaintiff TIBOR KISS was actually engaged in the course of his employment as a construction laborer by Z&Z SERVICE INC., which said contractor was engaged by defendant AVALONBAY COMMUNITIES, INC. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant AVALONBAY COMMUNITIES, INC., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

103. That at all times herein mentioned, and or about September 12, 2017, plaintiff TIBOR KISS was actually engaged in the course of his employment as a construction laborer by Z&Z SERVICE INC., which said contractor was engaged by defendant JUDY PAINTING CORP. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant JUDY PAINTING CORP., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

104. That at all times herein mentioned, and or about September 12, 2017, plaintiff TIBOR KISS was actually engaged in the course of his employment as a construction laborer by Z&Z SERVICE INC., which said contractor was engaged by defendant ABC CORP. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

105. That on or about September 12, 2017, and while plaintiff TIBOR KISS was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer Z&Z SERVICE INC., he was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was cause to sustain grievous personal injuries.

106. That at all times herein mentioned, and on or about September 12, 2017, defendant CLINTON GREEN NORTH, LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Z&Z SERVICE INC., plaintiff's employer.

107. That at all times herein mentioned, and on or about September 12, 2017, defendant CLINTON GREEN NORTH, LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Z&Z SERVICE INC., plaintiff's employer.

108. That at all times herein mentioned, and on or about September 12, 2017, defendant DERMOT CLINTON GREEN, LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Z&Z SERVICE INC., plaintiff's employer.

109. That at all times herein mentioned, and on or about September 12, 2017, defendant DERMOT CLINTON GREEN, LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Z&Z SERVICE INC., plaintiff's employer.

110. That at all times herein mentioned, and on or about September 12, 2017, defendant AVALONBAY COMMUNITIES, INC., its agents, servants and/or employees reserved onto

itself and duty of general supervision, direction and control of the work being performed at the subject premises by Z&Z SERVICE INC., plaintiff's employer.

111. That at all times herein mentioned, and on or about September 12, 2017, defendant AVALONBAY COMMUNITIES, INC., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Z&Z SERVICE INC., plaintiff's employer.

112. That at all times herein mentioned, and on or about September 12, 2017, defendant JUDY PAINTING CORP., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Z&Z SERVICE INC., plaintiff's employer.

113. That at all times herein mentioned, and on or about September 12, 2017, defendant JUDY PAINTING CORP., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Z&Z SERVICE INC., plaintiff's employer.

114. That at all times herein mentioned, and on or about September 12, 2017, defendant ABC CORP., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Z&Z SERVICE INC., plaintiff's employer.

115. That at all times herein mentioned, and on or about September 12, 2017, defendant ABC CORP., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Z&Z SERVICE INC., plaintiff's employer.

116. Defendant CLINTON GREEN NORTH, LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff TIBOR KISS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

117. Defendant CLINTON GREEN NORTH, LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

118. Defendant CLINTON GREEN NORTH, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

119. Defendant CLINTON GREEN NORTH, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

120. Defendant CLINTON GREEN NORTH, LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

121. Defendant CLINTON GREEN NORTH, LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

122. Defendant DERMOT CLINTON GREEN, LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff TIBOR KISS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

123. Defendant DERMOT CLINTON GREEN, LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

124. Defendant DERMOT CLINTON GREEN, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

125. Defendant DERMOT CLINTON GREEN, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

126. Defendant DERMOT CLINTON GREEN, LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

127. Defendant DERMOT CLINTON GREEN, LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

128. Defendant AVALONBAY COMMUNITIES, INC. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff TIBOR KISS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

129. Defendant AVALONBAY COMMUNITIES, INC. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

130. Defendant AVALONBAY COMMUNITIES, INC. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

131. Defendant AVALONBAY COMMUNITIES, INC. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

132. Defendant AVALONBAY COMMUNITIES, INC. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

133. Defendant AVALONBAY COMMUNITIES, INC. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

134. Defendant JUDY PAINTING CORP., breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff TIBOR KISS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

135. Defendant JUDY PAINTING CORP., breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

136. Defendant JUDY PAINTING CORP., breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

137. Defendant JUDY PAINTING CORP., breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

138. Defendant JUDY PAINTING CORP., breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

139. Defendant JUDY PAINTING CORP., owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

140. Defendant ABC CORP., breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff TIBOR KISS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

141. Defendant ABC CORP., breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

142. Defendant ABC CORP., breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

143. Defendant ABC CORP., breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

144. Defendant ABC CORP., breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

145. Defendant ABC CORP., owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

146. That at all times herein mentioned, and on or about September 12, 2017, defendant CLINTON GREEN NORTH, LLC's actions as set forth herein were for the benefit of defendant DERMOT CLINTON GREEN, LLC.

147. That at all times herein mentioned, and on or about September 12, 2017, defendant DERMOT CLINTON GREEN, LLC had knowledge of and consented to the work being performed at the subject premises.

148. That at all times herein mentioned, and on or about September 12, 2017, defendant DERMOT CLINTON GREEN, LLC exercised control over defendant CLINTON GREEN NORTH, LLC.

149. That at all times herein mentioned, and on or about September 12, 2017, defendant CLINTON GREEN NORTH, LLC's actions as set forth herein were for the benefit of defendant AVALONBAY COMMUNITIES, INC..

150. That at all times herein mentioned, and on or about September 12, 2017, defendant AVALONBAY COMMUNITIES, INC. had knowledge of and consented to the work being performed at the subject premises.

151. That at all times herein mentioned, and on or about September 12, 2017, defendant AVALONBAY COMMUNITIES, INC. exercised control over defendant CLINTON GREEN NORTH, LLC.

152. That at all times herein mentioned, and on or about September 12, 2017, defendant DERMOT CLINTON GREEN, LLC's actions as set forth herein were for the benefit of defendant AVALONBAY COMMUNITIES, INC.

153. That at all times herein mentioned, and on or about September 12, 2017, defendant AVALONBAY COMMUNITIES, INC. had knowledge of and consented to the work being performed at the subject premises.

154. That at all times herein mentioned, and on or about September 12, 2017, defendant AVALONBAY COMMUNITIES, INC. exercised control over defendant DERMOT CLINTON GREEN, LLC.

155. By reason of the foregoing, plaintiff TIBOR KISS was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff TIBOR KISS will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. <u>FIRST CAUSE OF ACTION</u>

156. The allegations of the preceding paragraphs are repeated here as if fully stated.

157. Plaintiff was injured due to defendants' negligence, carelessness and recklessness as stated herein.

158. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VI. <u>SECOND CAUSE OF ACTION</u>

159. The allegations of the preceding paragraphs are repeated here as if fully stated.

160. On September 12, 2017, plaintiff TIBOR KISS was a worker/laborer within the contemplation of Labor Law Sections 200 et. seq., and is a person for whom the statutory rights and protections of those sections apply.

161. The work contracted for by the defendant CLINTON GREEN NORTH, LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

162. The work contracted for by the defendant DERMOT CLINTON GREEN, LLC. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

163. The work contracted for by the defendant AVALONBAY COMMUNITIES, INC. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

164. The work contracted for by the defendant JUDY PAINTING CORP. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

165. The work contracted for by the defendant ABC CORP. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

166. Plaintiff was injured due to defendants' violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

167. Plaintiff was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

168. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VII. DEMAND FOR TRIAL

169. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and for the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
      May 17, 2018

**By: Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    CASE NO. 17-CV-10029 (LGS)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIBOR KISS,

                    Plaintiff,


    -against-

CLINTON GREEN NORTH, LLC, DERMOT CLINTON GREEN, LLC, AVALONBAY
COMMUNITIES, INC., JUDY PAINTING CORP. and ABC CORP., a fictitious name intending
to be that of an unknown general contractor,
                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLINTON GREEN NORTH, LLC,

                    Third-Party Plaintiff,
    -against-

JUDY PAINTING CORP., Z&Z CONSTRUCTION & PAINTING, INC., and Z&Z SERVICE
INC.

                    Third-Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


## SECOND AMENDED COMPLAINT AND JURY DEMAND


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777