# Ruta, Soulios & Stratis LLP
Attorneys and Counselors
211 East 43rd Street
24th Floor
New York, New York 10017
(212) 997-4500
Fax (212) 768-0649
www.Lawnynj.com

Joseph A. Ruta*
Steven A. Soulios*
Demetrios K. Stratis+

of counsel

Mitch Lapidus
Jeffrey Jaffe
David Engelhardt

*Member of NY & NJ Bar
+Member of NJ & PA Bar

NJ Offices
101 Town Center Drive
Suite 111
Warren, NJ 07059
(908) 769-4250

August 7, 2019

VIA ECF
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

  Re: Tibor Kiss v. Clinton Green North LLC et al.
    Docket No.: 17-cv-10029 (LGS)
    Pre-Motion Conference Request

Dear Judge Schofield:

  We represent Third-Party Defendant Z&Z Services, Inc. ("Z&Z") in the above referenced matter. Pursuant to the Court's Individual Rule III.A.1 and Local Civil Rule 37.2, the purpose of this letter is to request a pre-motion conference in anticipation of a summary judgment motion by Z&Z. Fact discovery in this civil action ended on February 20, 2019.

  **I. Procedural History**

  On December 22, 2017, Plaintiff filed his complaint against ABC Corp. ("ABC") and Clinton Green North, LLC ("Clinton"). On March 6, 2018, Clinton filed its answer to the complaint. On March 13, 2018, Clinton filed its third-party complaint ("TPC") against Judy Painting ("Judy") and Z&Z Construction & Painting, Inc. ("Z&Z CP") On May 4, 2018, Judy filed its answer to the TPC. On March 25, 2018, Clinton filed an amended third-party complaint ("ATPC") against Judy, Z&Z CP and Z&Z seeking indemnification and contribution. On March 29, 2018, Clinton voluntarily dismissed its TPC as to Z&Z CP only, without prejudice. On May 4, 2018, Judy filed its answer to the ATPC. On June 7, 2018, Z&Z filed its answer to the ATPC. On April 13, 2018, Plaintiff filed an amended complaint against ABC and Clinton, Dermot Clinton Green, LLC ("Dermot"), and AvalonBay Communities, Inc. ("Avalon"). On April 17, 2018, Clinton

filed its answer to the amended complaint. On May 2, 2018, Clinton filed its amended answer to the amended complaint. On May 11, 2018, Dermot and Avalon filed its answer to the amended complaint. On May 21, 2018, Plaintiff filed a second amended complaint against ABC, Clinton, Dermot, Avalon, and Judy. On June 4, 2018, Judy served its answer to the second amended complaint. On April 4, 2019, after obtaining leave from this Court, Judy served an amended answer to the second amended complaint.

## II. Brief Summary of Undisputed Facts

On September 12, 2017, while painting a bathroom ceiling in apartment 10A at 515 West 52nd Street, New York, NY ("Premises"), Plaintiff claims to have fallen from a stepladder and was injured. Clinton either owned and/or managed the Premises at the time of the incident. It was determined by a Worker's Compensation judge that Plaintiff was an employee of Z&Z at the time of the incident. At no time did Z&Z provide Plaintiff with work instructions, supervision, tools, equipment or a stepladder regarding the work he performed on the date of the incident or at any time. Plaintiff had been working for Z&Z on a trial basis from July of 2017 at the time of the incident.

Judy supervised and controlled Plaintiff's work and gave him all of his work assignments, including the work he was doing on the date of the incident. Plaintiff received all of his work assignments from Judy employees. At no time did Z&Z exert control over Plaintiff's work. Plaintiff used his own tools to do work at the Premises on the date of the incident. Plaintiff claims to have obtained the stepladder he used on the date of the incident from Clinton's paint room at the Premises. Plaintiff generally worked alone without any direct communications other than those by Judy employees.

A subcontractor agreement between Z&Z and Judy regarding indemnification and work to be completed at apartment 10A by Z&Z at the Premises was dated September 11, 2017 ("Contract"). However, it was acknowledged that the Contract was signed after the date of the incident and not in effect on that date.[1]

## III. Legal Analysis

Summary judgment should be granted dismissing all third-party claims by Clinton and all cross claims by Judy against Z&Z. On March 20, 2019, Judy filed a letter motion ("3-20 Motion") Dkt #95 to seek leave to amend its answer to the second amended complaint to assert the affirmative defense that Plaintiff qualifies as a "special employee" and thus a bar to liability in the case.

It is undisputable from the evidence that Z&Z did not in any way provide direction, supervision or control of Plaintiff's work on the date of the incident or at any time. As admitted by Judy in the 3-20 Motion and supported by the testimony of the witnesses, it was Judy that directed and/or controlled the work done by Plaintiff at the Premises, not Z&Z. As stated in the 3-20 Motion, "Based upon the above testimony that Judy Painting Corp. assumed exclusive control over plaintiff's work, we respectfully ask the Court grant leave…"

---

[1] Zsolt Jeges, a shareholder of Z&Z testified at his deposition that the Contract was entered into two months after the incident because an investigator told him a contract between the two companies was needed.

2

In order to establish a common law claim for indemnification, Clinton and Judy must establish that Z&Z was either negligent or that it supervised or controlled Plaintiff's work when he was injured. Naughton v. City of New York, 94 A.D.3d 1, 940 N.Y.S.2d 21 (1st Dep't 2012) (Worker sued general contractor under the scaffold law for injuries sustained when he fell 15 feet to the ground while unloading wall panels from a flatbed truck. The contractor filed a third-party complaint for contractual indemnification against the worker's employer, who was hired to unload and install the panels. The court ruled that the contractor was not entitled to common law indemnification from the employer, since there was no evidence that the employer was negligent or actually supervised or controlled the work of the plaintiff, even where the employer was contractually required to supervise the injured employee's work). There is no evidence whatsoever in this case that Z&Z was negligent or that is supervised or controlled Plaintiff's work. To the contrary, the testimony of the witnesses and 3-20 Motion establish that Z&Z had nothing to do with Plaintiff's work at the Premises on the day of the incident or at any time.

In addition, there can be no claim for contractual indemnification by Judy, since Judy acknowledges in the 3-20 Motion that the Contract between Judy and Z&Z was drafted and executed after the date of the incident and was not in effect when Plaintiff was injured. Moreover, the testimony of Zsolt Jeges establishes that this contract was entered into two months after the incident. There was no meeting of the minds, consideration or any other required element for there to be a valid contract. As for Clinton, it had no written or oral agreement with Z&Z whereby Z&Z agreed to provide indemnification if one of its employees or workers was injured and sued Clinton. As such, there is no basis for contractual indemnity between Clinton and Z&Z.

Judy cannot claim in response to this letter that the contract between Z&Z and Judy is enforceable for indemnification purposes since Judy argued in its letter to Judge Schofield that the Contract had no bearing because it was created and signed after the incident.

Based upon the evidence, there no way for Clinton or Judy to establish that Z&Z was negligent or would be obligated under the law to indemnify them for the injuries sustained by Plaintiff. As such, Z&Z respectfully requests permission to file a motion for summary judgment against Clinton and Judy.

Respectfully submitted,

Joseph A. Ruta

cc: Timothy J. Lavin, Esq. (via ECF)
Timothy Parlin (via ECF)
Brendon Gilmartin (via ECF)