

685 3rd Avenue • 18th Floor • New York, NY • 10017
tel 212-999-7100 • fax 212-999-7139 • wshblaw.com

Brendan B. Gilmartin
direct dial (212) 999-7117
email bgilmartin@wshblaw.com

August 7, 2019

**VIA ECF**

Conference Date: August 29, 2019

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

Re: ***Tibor Kiss v. Clinton Green North LLC et al.***
***Docket No.: 17-cv-10029 (LGS)***
***Pre-Motion Letter for Summary Judgment***

Dear Judge Schofield:

We represent the defendant/third party defendant Judy Painting Corp. ("Judy") in the above referenced lawsuit. We write this letter motion to request the Court dismiss all of the plaintiff's claims and all cross claims and third party claims against Judy. Specifically, the claims against Judy should be dismissed because (a) they are barred by the *N.Y. Workers' Compensation Law* since plaintiff qualifies as a "special employee" of Judy; (b) Judy is not a proper statutory defendant; (c) Judy was not actively negligent; (d) the Industrial Code sections alleged by plaintiff are inapplicable and/or were not violated; and (e) the owner's contractual indemnification claim has no evidentiary basis.

*Plaintiff Was a "Special Employee" of Judy Painting Corp.*

Pursuant to §§ 11 and 29(6), if an employee sustains an injury which arises out of and in the course of his employment, the employee's exclusive remedy against his employer is one for workers' compensation benefits. *See N.Y. Workers' Comp. Law §§ 11* and *29(6)*. This bar extends to plaintiffs that can be classified as "special employees".

A general employee of one employer may also be in the special employ of another, notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits. *Thompson v. Grumman Aerospace Corp.*, 78 N.Y.2d 553 (N.Y. 1991). "General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender and control by the general employer and assumption of control by the special employer." *Id.* "Only where the defendant is able to demonstrate conclusively that it has assumed exclusive control over the manner, details, and ultimate result of the employee's work will summary judgment be appropriate as to special employee status." *Bellamy v. Columbia University*, 50 A.D.3d 160 (1st Dept. 2008)(quoting

*Thompson*, *supra*)(Emphasis Added). Other factors include the method of payment, the furnishing of equipment, the right to discharge the employee, and the relative nature of the work. *Forjan v. Leprino Foods Inc.*, 209 Fed. Appx. 8 (2d Cir. 2006).

In the present case, plaintiff Tibor Kiss acted as a special employee of Judy. Based on plaintiff's testimony, plaintiff was initially retained as a special employee by Judy in June 2017 when he was interviewed by Judy's Richard Gyurus. *See plaintiff's EBT, p. 20, 98-99*; *Zeges EBT, p. 8, 39*. From this moment onward, through the day of his accident, he received his work instructions exclusively from Judy contractors Gyurus and Laci. *See plaintiff's EBT, p. 34-35, 39*.

Usually, plaintiff's painting assignments lasted one day and Mr. Gyurus would send plaintiff, via text message, the location and description of the next day's job, including the day before the accident. *See plaintiff's EBT, p. 101, 104*; *Gyurus EBT, p. 14-15*. Plaintiff generally worked alone without any direct supervision other than his communications with Mr. Gyurus and Laci. *See plaintiff's EBT, p. 41*. At the end of each work day, he would update Mr. Gyurus as to the progress of his work. *See Gyurus EBT, p. 33*. When plaintiff arrived at different work sites, he advised the building management that he was there on behalf of Judy, per Mr. Gyurus' instructions. *See plaintiff's EBT, p. 106-107*.

In order to get paid for his work at the end of the week, plaintiff would send a catalog of his completed work assignments every Sunday to the email address judypainting@gmail.com. *See plaintiff's EBT, p. 102*. Although plaintiff received his paycheck and workers' compensation benefits from Z&Z Service Inc., *see plaintiff's EBT, p. 103*, at no time did a Z&Z Service Inc. employee or contractor exert control over plaintiff's work. *See plaintiff's EBT, p. 141-142*. In fact, other than the two co-owners of Z&Z Service Inc., who were also the two co-owners of Judy, Z&Z Service Inc. did not employ any supervisors or other employees at the time of the accident. *See Zeges, p. 29-30*.

Based on the above testimony that Judy assumed exclusive control over plaintiff's work, we respectfully request the Court dismiss all of plaintiff's claims and all cross claims and third party claims for common law indemnification and contribution.

*Judy Painting Corp. Is Not a Proper Labor Law Defendant*

N.Y. Labor Law §§ 240(1), 200, and 241(6) only apply to defendants that are owners, general contractors, or agents of either. See *McCarthy v. Turner Const. Inc.*, 17 N.Y.3d 369, 374 (N.Y. 2011); *Rizzuto v. L.A. Wenger Contracting Co. Inc.*, 91 N.Y.2d 343, 348-351 (N.Y. 1998).

"[O]ne may be vicariously liable as an agent of the property owner for injuries sustained under the statute in an instance where one has the ability to control the activity which brought about the injury." *Walls v. Turner Const. Co.*, 4 N.Y.3d 861 (N.Y. 2006). "An agent's liability is limited to those areas and activities within the scope of the work delegated or, in other words, to the particular agency created." *Lamar v. Hill Intern., Inc.*, 153 A.D.3d 685 (2nd Dept. 2017).

A party qualifies as a statutory general contractor where it undertakes general contractor duties by coordinating and supervising the project and hiring and paying subcontractors. *Sanchez v.*

*Metro Builders Corp.*, 136 A.D.3d 783 (2nd Dept. 2016); See also *Outwater v. Ballister*, 253 A.D.2d 902 (3rd Dept. 1998)("An entity is a contractor within the meaning of Labor Law §240(1) and §241(6) if it had the power to enforce safety standards and choose reliable subcontractors.").

In the present matter, Judy did not coordinate trades or directly supervise the project. Rather, as noted above, it merely directed plaintiff where to report to work on the day of the accident and had no one on site to enforce safety rules. Nor did Judy exhibit the necessary level of control to be an agent of the owner since it had no written agreement with the owner providing for an agency relationship and/or delineating Judy's realm of authority on the project and Judy did not provide tools or equipment to plaintiff. *See plaintiff's EBT, p. 110*. Since Judy was not an owner, general contractor, or agent of either, all of plaintiff's N.Y. Labor Law claims must be dismissed against it. As for the common law negligence claim, it must likewise be dismissed as it is undisputed that Judy did not create or have notice of any dangerous condition that caused plaintiff's accident. It did not provide the ladder and received no prior complaints.

*All Industrial Code Allegations in Support of Plaintiff's Labor Law § 241(6) Claim Must Be Dismissed*

Plaintiff alleges defendants violated Industrial Code §§ 23-1.5, 23-1.7, 23-1.15, 23-1.16, 23-1.17, 23-1.21. Rule 23-1.5(a) and Rule 23-1.5(b) are too vague and generalized to support a Labor Law 241(6) claim. *Ulrich v. Motor Parkway Properties*, 84 A.D.3d 1221 (2nd Dept. 2011); *Guallpa v. Canarsie Plaza LLC*, 144 A.D.3d 1088 (2nd Dept. 2016). Rule 23-1.5(c) prohibits the provision of ladders which contain defects or that are broken or in disrepair. This section is inapplicable since plaintiff testified the accident occurred when the ladder "moved" because it was unsecured, not that it contained a defect. *See plaintiff's EBT, p. 121*.

Rule 23-1.7 is inapplicable because it does not apply to hazards related to the use of ladders. Rule 23-1.15 describes requirements for handrails as opposed to when they should be used. Since no handrail was involved in this accident, this section is inapplicable. Rule 23-1.16 applies to the use of safety belts, harnesses, tail lines, or life lines. Since plaintiff was performing work on a ladder within an apartment bathroom, these safety devices would be impractical to use. This section is therefore inapplicable. Rule 23-1.17 provides requirements of life nets and is thus inapplicable.

Rule 23-1.21 is inapplicable because there is no evidence that the ladder in question contained any broken parts, insecure joints, or any other flaw or defect that can cause ladder failure. The photographs of the ladder, marked as exhibit at plaintiff's deposition, do not depict any apparent defects.

*The Owner's Contractual Indemnification Claim Must Be Dismissed*

In New York, "the right to contractual indemnification depends upon the specific language of the contract." *Reisman v. Bay Shore Union Free Sch. Dist.*, 74 A.D.3d 772, 773 (2nd Dept. 2010). "The promise to indemnify should not be found unless it can clearly be implied from the

language and purpose of the entire agreement and surrounding circumstances." *Alfaro v. 65 West 13th Acquisition LLC*, 74 A.D. 3d 1255 (2nd Dept. 2010). "In the absence of a legal duty to indemnify, a contractual indemnification provision must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." Id. Any ambiguity in an indemnification provision must be construed against the drafter. *Mejia v. Trustees of Net Realty Holding Trust*, 304 A.D. 2d 627 (2nd Dept. 2003).

The co-defendant owner produced a contract, after the completion of depositions, in support of its contractual indemnity claim. The agreement, however, cannot support such a claim for the following reasons: (1) It is undated; (2) It omits the identity of the supposed indemnitor; (3) It does not delineate the period of time the agreement was in effect; (4) It does not delineate the scope of work of the agreement; and (5) the indemnity provision contained therein does not refer to painting work.

*Conclusion*

It is respectfully requested that this Court dismiss all of plaintiff's claims and all cross claims and third party claims against Judy.

Very truly yours,

WOOD, SMITH, HENNING & BERMAN LLP

By: _____
Brendan B. Gilmartin

cc:

**Via ECF**

    RONAI & RONAI, LLP
    *Attorneys for Plaintiff*
    34 Adee Street
    Port Chester, New York 10573

    NEWMAN MYERS KREINES GROSS HARRIS, P.C.
    *Attorneys for Defendant/Third-Party Plaintiff*
    *Clinton Green North LLC et al.*
    40 Wall Street
    New York, New York 10005-1335
    (212) 619-4350
    dcole@nmkgh.com

RUTA SOULIOS & STRATIS LLP
*Attorneys for Third Party Defendant*
*Z&Z Service Inc.*
211 East 43rd Street
24th Floor
New York, NY 10017
jruta@lawnynj.com

BBG:BBG
LEGAL:10763-0002/12398689.1