

# Ronai & Ronai, LLP
Attorneys at Law

The Ronai Building
34 Adee Street, Port Chester, New York 10573
Telephone (914) 824-4777

August 14, 2019

Manhattan Office:
The Chrysler Building
405 Lexington Ave. 26th Fl.
New York, NY 10174
Telephone (212) 268-4777

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

Re: Tibor Kiss v. Clinton Green North, LLC, et al.
Docket No.: 17-cv-10029 (LGS)

Your Honor:

We represent plaintiff Tibor Kiss in the above referenced matter. Please allow this letter to serve as a request, pursuant to this Court's Individual Rule III.A.1 and Local Civil Rule 37.2, for a pre-motion conference in anticipation of plaintiff filing a motion for Summary Judgment.

The following are undisputed facts:

- On September 12, 2017, plaintiff, Tibor Kiss, a painter, was injured when he fell from an unsecured A-frame ladder, approximately four feet tall, while painting Apartment 10A at Avalon Clinton located at 515 West 52nd Street, in Manhattan, New York (herein after "subject property"). The subject property is a large apartment building, consisting of approximately 320 rental apartments.

- At the time of Mr. Kiss' fall, defendants, Clinton Green North, LLC, Dermont Green LLC and Avalon Bay Communities, LLC, (herein after "Owners") were the owners of the subject property.

- Defendant Owners retained defendant Judy Painting Corp. (hereinafter "Judy") to paint multiple apartments at the subject property, including apartment 10A, on September 12, 2017.

- Defendant Judy subcontracted with third-party defendant Z&Z Services Inc., (hereinafter "Z&Z") to perform the painting work for the subject property.

- Zsolt Jeges, owner of both defendant Judy and third-party defendant Z&Z, testified in no uncertain terms that Mr. Kiss was not an employee of Judy, but rather he was a "subcontractor of Z&Z."

- While Mr. Kiss was standing on an unsecured ladder painting the bathroom walls of Apartment 10A, he felt the ladder move, which caused him to then fall off the ladder.

- Mr. Kiss sustained severe injuries as a result of said fall.

It is submitted that the evidence herein supports a finding of summary judgment in favor of Mr. Kiss against the defendants herein on his claims under Sections 240(1), 241(6) and 200 of New York Labor Law.

Plaintiff is entitled to summary judgment on his New York Labor Law §240(1) claim. That statute, otherwise known as the "Scaffolding Law", provides that: "All contractors and owners and their agents, ... in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." N.Y. Labor Law § 240(1). The requirements of § 240(1) are non-delegable, and contractors and owners are absolutely liable for injuries caused by their violations. [*Madeira v. Affordable Hous. Found.*, 469 F.3d 219, 224 (2d Cir. 2006)]

It is well settled that a fall from an unsecured ladder, as here, is a *prima facie* violation of Labor Law §240(1). The injured plaintiff must show that the subject ladder was defective or was inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries. Further, the failure to properly secure a ladder so as to hold it steady and erect during its use constitutes a violation of Labor Law §240(1). [*Goodwin v. Dix Hills Jewish Center*, 144 A.D.3d 744, 747 (2nd Dept. 2016); *Baugh v. New York City School Construction Auth.*, 140 A.D.3d 1104, 1105-1106, (2nd Dept. 2016); *Grant v. City of New York*, 109 A.D.3d 961, 962 (2nd Dept. 2013); *Canas v. Harbour at Blue Point Home Owners Assoc., Inc.*, 99 A.D.3d 962, 963 (2nd Dept. 2012); *DaSilva v. A.J. Contracting Co.*, 262 A.D.2d 214 (1st Dept. 1999); *Kijak v. 330 Madison Avenue Corp.*, 251 A.D.2d 152, 153 (1st Dept. 1998); *Kim v. E. 7th ISS LLC*, 2017 NY Slip Op 32378(U) (Sup. Ct. N.Y. Cty. 2017); and *Plioplys v. Coburn*, 2017 NY Slip Op 31222(U) (Sup. Ct. Queens Cty 2017)]

Moreover, the mere fact that a ladder moved is *prima facie* evidence that Labor Law §240(1) was violated. [See *LaGiudice v. Sleepy's Inc.*, 67 A.D.3d 969, 971 (2nd Dept. 2009); *Razzak v. NHS Community Dev. Corp.*, 63 A.D.3d 708, 709 (2nd Dept. 2009); *Mingo v. Lebedowicz*, 57 A.D.3d 491, 493 (2nd Dept. 2008); *Gilhooly v. Dormitory Auth. of State of N.Y.*, 51 A.D.3d 719, 720 (2nd Dept. 2008); *Hanna v. Gellman*, 29 A.D.3d 953, 954 (2nd Dept. 2006); and *Bryan v. City of New York*, 206 A.D.2d 448 (2nd Dept. 1994)]

Here, it is undisputed that at the time of Mr. Kiss' fall, the subject ladder was not secured, nor was it being held. It is further uncontested that the subject ladder moved, causing Mr. Kiss to fall and sustain serious injuries.

As such, it is clear that the ladder was not an adequate safety device, and Mr. Kiss was not given any other safety devices to prevent him from falling. [See *Siegel v RRG Fort Greene, Inc.*, 68AD3d 675 (1st Dept 2009) ("(p)laintiff made a *prima facie* showing of liability under

section 240 (1) by his testimony that the ladder tipped, causing him and the ladder to fall"); *Vega v Rotner Mgt.Corp.*, 40 AD3d 473, 473-474 (1st Dept 2007) (plaintiff satisfied his *prima facie* burden on his motion with his testimony that he fell to the ground when the unsecured ladder on which he was standing shifted)]

Thus, plaintiff can demonstrate, *prima facie*, that Labor Law §240(1) was violated by the defendants herein, and further, that said violation was a proximate cause of Mr. Kiss' injuries.

As Labor Law §240(1) applies to owners and contractors, Defendants-Owners, Clinton Green North, LLC, Dermont Green LLC and Avalon Bay Communities, LLC, are absolutely liable for injuries caused by their violations. [*Madeira v. Affordable Hous. Found.*, 469 F.3d 219, 224 (2d Cir. 2006)].

Further, it will be shown that defendant Judy was acting as the General Contractor with respect to the painting work at the subject property. Defendant Judy then contracted with third-party defendant Z&Z to perform the actual painting work. Assuming, *arguendo*, that Judy's not deemed to be a general contractor on the project, it can still be held liable as a "prime contractor" for the painting work taking place at the subject property on the date of plaintiff's fall. A prime contractor becomes the statutory "agent" of the owner and general contractor, and thus liable under New York Labor Law to injured workers, when the prime contractor is in privity of contract with the injured plaintiff's employer or, where the prime contractor had the authority to oversee and control the activities of the injured worker. [*Giovanniello v. EW Howell Co., LLC*, 104 A.D.3d 812, 813 (2nd Dept. 2013); *Barrios v. City of New York*, 75 A.D.3d 517, 518 (2nd Dept. 2010); *Coque v Wildflower Estates Dev., Inc.*, 31 A.D.3d 484, 488, (2nd Dept. 2006)]

Plaintiff will also demonstrate that he entitled to summary judgment on his New York Labor Law §241(6) claim based upon the same undisputed facts. The defendants herein violated numerous sections of the Industrial Code, including, but not limited to Section 23-1.21. This section was violated inasmuch as the subject ladder was placed on a slippery surface – a tile floor – and moved while plaintiff was standing and working from same.

Plaintiff will also demonstrate that he is entitled to summary judgment on his New York Labor Law §200 claim as the defendants herein failed to provide Mr. Kiss with a safe place to work, despite the authority to do so. As the owners of the premises, and as the General Contractor and/or agent of the owners, the defendants herein clearly possessed the authority to supervise, direct and control Mr. Kiss' work. Thus, they are liable for his injuries under Labor Law §200.

As can be seen from the foregoing, the evidence herein will support a finding of summary judgment in favor of Mr. Kiss and against the defendants herein on his claims under Sections 240(1), 241(6) and 200 of New York Labor Law. Accordingly, it is respectfully requested that Your Honor schedule a pre-motion conference to further discuss these issues and set a briefing schedule.

Thank you for your attention to this matter.

Respectfully,
RONAI & RONAI, LLP
Attorneys for Plaintiff

By: Timothy J. Lavin (TL6371)

CC: **VIA ECF**
NEWMAN MYERS KREINES GROSS HARRIS, P.C.
WOOD SMITH HENNING & BERMAN, LLP
RUTASOULIOS& STRATIS, LLP