# NEWMAN MYERS KREINES GROSS HARRIS, P.C.

JAN KEVIN MYERS
CHARLES W. KREINES
OLIVIA M. GROSS
IAN F. HARRIS
CHARLES DEWEY COLE, JR**

STEPHEN N. SHAPIRO
Of Counsel

RICHARD L. NEWMAN (1921-2006)
ABRAHAM S. ALTHEIM (1954-2005)

ATTORNEYS AT LAW

40 WALL STREET
NEW YORK, NY 10005
(212) 619-4350
FAX: (212) 619-3622
www.nmkgh.com

NEWMAN MYERS KREINES GROSS HARRIS
A PARTNERSHIP PRACTICING IN NEW JERSEY AFFILIATED WITH
NEWMAN MYERS KREINES GROSS HARRIS, P.C.

ABRAHAM A. FRIEDMAN
JANINE SILVER
TIMOTHY B. PARLIN*
ADRIENNE YARON
LUIS G. SABILLON*
MICHAEL WINTER
PATRICK M. CARUANA*
SHAHIN Y. MASHHADIAN
DOUGLAS A. MALLETT
ERIK E. HARRIS
CHRISTOPHER P. MYERS*

* ALSO ADMITTED IN NJ
** ALSO ADMITTED IN NJ, DC & TX

August 19, 2019

**VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Court for the
  Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

>   Re:   **Kiss v. Clinton Green North, LLC, et al.**
>         **Docket No. 17 Civ. 10029 (LGS)**
>         **Newman Myers Ref. No.: NAVB 22303**

Dear Judge Schofield:

We represent Defendants/Third-Party Plaintiffs Clinton Green North, LLC, Dermot Clinton Green, LLC, and AvalonBay Communities, Inc. ("AvalonBay") in the above-referenced matter. We respectfully submit this letter in Opposition to Plaintiff's Pre-Motion Letter for Summary Judgment [Docket No. 137].

**I.   Plaintiff's Labor Law § 200 Claim Must be Denied**

Claims for personal injury under Labor Law § 200 fall into two categories: (i) those arising from an alleged defect or dangerous conditions existing on the premises; and (ii) those arising from the manner in which the work was performed. Cook v. Orchard Park Estates, Inc., 73 A.D.3d 1263 (3rd Dep't 2010). A § 200 claim is not absolute and in order to be found responsible for negligently failing to provide a safe place to work, an owner or general contractor must have created or had either actual or constructive notice of the dangerous condition that caused the accident. Bennett v. Hucke, 131 A.D.3d 993 (2nd Dep't 2015). Contrary to Plaintiff's assertion that "the defendants failed to provide Mr. Kiss with a safe place to work," pictures taken shortly after Plaintiff's alleged incident reveal that the bathroom tiles were not cracked or broken and there was no plastic drop cloth or tarp on the bathroom floor.

Under the second prong of § 200 - control, an owner or contractor must perform more than its general duty to supervise the work and to ensure compliance with safety regulations.

Bisram v. Long Is. Jewish Hosp., 116 A.D.3d 475 (1st Dep't 2014); Cahill v. Triborough Bridge & Tunnel Auth., 31 A.D.3d 347, 350-51 (1st Dep't 2006). "[G]eneral supervisory authority is insufficient to constitute supervisory control [as it] must be demonstrated that the contractor controlled the manner in which the plaintiff performed his or her work, i.e., how the injury-producing work was performed." Hughes v. Tishman Constr. Corp., 40 A.D.3d 305 (1st Dep't 2007); Burkowski v. Structure Tone, Inc., 40 A.D.3d 378, 381 (1st Dep't 2007).

Here, Plaintiff testified that: (i) he did not report to anyone at AvalonBay in connection with painting Apartment 10A; and (ii) no one at AvalonBay told him what to do in connection with painting the apartment before it would be re-rented. Accordingly, this is not a Labor Law § 200 case because there was no direction or supervision of Plaintiff's work by anyone at AvalonBay.

## II. Plaintiff's Labor Law § 241(6) Claim Must be Denied

Labor Law § 241(6) creates "a non-delegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed." Rizzuto v. L.A. Wenger Contr. Co. 91 N.Y.2d 343, 348 (1998). In order to successfully establish the statutory cause of action, a plaintiff must show the applicability of a specific provision of the Industrial Code to the work, a violation of the regulation, and that such violation constituted causally related negligence. Id. at 350; Musillo v. Marist Coll., 306 A.D.2d 782, 784 (3rd Dep't 2003).

Plaintiff claims that AvalonBay violated several sections of 23-1.21. Section 23-1.21(a) is inapplicable here since the ladder itself was not the proximate cause of Plaintiff's alleged accident since he claims he fainted and fell off of it. Section 23-1.21(b)(1) addresses the strength of ladders, which is also inapplicable here since there are no allegations that the ladder was unable to sustain plaintiff's weight. Section 23-1.21(b)(2) prohibits opaque protective coatings on ladders and is inapplicable here. Section 23-1.21(b)(3) addresses the maintenance of ladders in the workplace. Since there is no evidence in the record that the ladder was broken or defective, this section does not apply. Section 23-1.21(b)(4) prescribes installation and use of ladders, which is inapplicable based upon the allegations of the Second Amended Complaint and Plaintiff's testimony. Section 23-1.21(b)(5) deals with wooden ladder rungs, while § 23-1.21(b)(6) prohibits the splicing of ladders, neither of which are applicable here. Section 23-1.21(b)(7) prohibits the use of metal ladders near electricity, § 23-1.21(b)(8) deals with ladders with spreading bases, § 23-1.21(b)(9) addresses placing ladders in door openings, and § 23-1.21(b)(10) prohibits the use of scaling ladders – neither of which is at issue here. Section 23-1.21(c) deals with single ladders while subsection (d) addresses extension ladders and sectional ladders, neither of which were used by Plaintiff. Section 23-1.21(f) discusses the requirements for staggered ladderways, and § 23-1.21(e) prescribes the standards for stepladders, all of which are inapplicable based upon the evidence in the record. Finally, § 23-1.21(e)(3) requires that standing stepladders be used only on firm, level footings and that work performed from a stepladder 10 feet or more above the footing either be steadied by someone or secured via mechanical means. This section is inapplicable since there is no evidence that the bathroom tile

was not "firm" and that the stepladder used by Plaintiff was more than 10 feet above the footing.

### III. Plaintiff's Labor Law § 240(1) Claim Must be Presented to the Jury

In order to hold a property owner liable under Labor Law § 240(1), "the owner . . . must breach the statutory duty [there]under . . . to provide a worker with adequate safety devices, and this breach must proximately cause the worker's injuries. These prerequisites do not exist if adequate safety devices are available at the job site, but the worker either does not use or misuses them." Robinson v. East Med. Ctr., LP, 6 N.Y.3d 550, 554 (2006). Where a "plaintiff's actions [are] the sole proximate cause of his injuries, . . . liability under Labor Law § 240(1) [does] not attach." Id. "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1)"; Melchor v. Singh, 90 A.D.3d 866, 867 (2nd Dep't 2011)("Where a violation of Labor Law § 240(1) is a proximate cause of an accident, the plaintiff's conduct, of necessity, cannot be deemed the sole proximate cause . . . . Conversely, if the plaintiff is solely to blame for the injury, it necessarily means that there has been no statutory violation."

To date, Plaintiff has not specified what the ladder's alleged defect was. There is no allegation or testimony from Plaintiff that the ladder was defective, failed, that its footings were inadequate or that there was debris on the floor in Apartment 10A. Indeed, Plaintiff testified that the ladder was in good condition, that he checked that the hinges were locked every time he ascended it, that he had no complaints about the ladder prior to his alleged accident and he did not see anything wrong with the ladder post-accident. Despite this, Plaintiff claimed at his deposition that the ladder "moved", yet when pressed to be more specific he stated "[i]t's very difficult to explain," i.e., he had **no** answer. It is noteworthy that both his co-worker's post-accident statement as well as the Incident Report state that Plaintiff lost consciousness and then fell off the ladder. Since Plaintiff was working alone in Apartment 10A there were no witnesses to his alleged accident. "It is not the court's function on a motion for summary judgment to assess credibility." Silva v. FC Beekman Assoc., LLC, 92 A.D.3d 754, 756 (2nd Dep't 2012). While conflicting facts as to the exact events leading up to an accident do not warrant the denial of summary judgment on a Labor Law § 240(1) claim, Campbell v. Columbus Ctr. LLC, 48 A.D.3d 323, 324 (1st Dep't 2008), when, as here, a plaintiff is the sole witness to the accident and the record raises issues of fact as to that plaintiff's credibility, summary judgment is properly denied. Smigielski v. Teachers Ins. and Annuity Ass'n of America, 137 A.D.3d 676, 676 (1st Dep't 2016)(holding that summary judgment is properly denied on a Labor Law § 240(1) claim "where a plaintiff is the sole witness to an accident [and] . . . his . . . account of the accident is contradicted by other evidence, or his or her credibility is otherwise called into question with regard to the accident"). "[I]n granting a motion for judgment as a matter of law, the trial court must determine that by no rational process could the trier of facts find in favor of the nonmoving party on the evidence presented." Ampolini v. Long Isl. Light. Co., 186 A.D.2d 772, 773 (2nd Dep't 1992). AvalonBay respectfully posits that Plaintiff's immediate post-accident comments versus his deposition testimony where the word "wobbled" appeared for the first time calls into question Plaintiff's credibility, as well as the proximate cause of the alleged accident, both of which must be assessed by the jury as opposed to the Court.

Respectfully submitted,

NEWMAN MYERS KREINES GROSS HARRIS, P.C.

*Timothy B. Parlin*
Timothy B. Parlin

TBP

cc:

**VIA CM/ECF**

Holly Ostrov Ronai, Esq.
Timothy Lavin, Esq.
Attorneys for Plaintiff
Ronai & Ronai, LLP
34 Adee Street
Port Chester, New York 10573

Brendan B. Gilmartin, Esq.
Attorneys for Defendant/ Third-Party Defendant Judy Painting Corp.
Wood Smith Henning & Berman LLP
685 Third Avenue
New York, New York 10017

Joseph A. Ruta, Esq.
Attorneys for Third-Party Defendant Z & Z Services, Inc.
Ruta, Soulios & Stratis LLP
211 East 43rd Street
24th Floor
New York, NY 10017