USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

TIBOR KISS,

                  Plaintiff,

-against-

CLINTON GREEN NORTH, LLC, DERMOT
CLINTON GREEN LLC, AVALONBAY
COMMUNITIES INC., JUDY PAINTING CORP. and
ABC CORP., a fictitious name intending to be that of an
unknown general contractor,

                  Defendants.

------------------------------------------------------------------X

CLINTON GREEN NORTH, LLC,

                  Third-Party Plaintiff,

-against-

JUDY PAINTING CORP., Z&Z CONSTRUCTION &
PAINTING, INC., and Z&Z SERVICE INC.,

                  Third-Party Defendants.

------------------------------------------------------------------X

No.: 17-cv-10029 (LGS)

**<u>SUBPOENA DUCES TECUM</u>**

TO:    New York – Presbyterian Hospital Lower Manhattan
        Medical Correspondence Unit
        170 William Street
        New York, New York 10038

      **WE COMMAND YOU**, that all business and excuses being laid aside, pursuant to Rule 45(a)(2), (b), (d), and (e) of the Federal Rules of Civil Procedure, to produce and deliver to **WOOD SMITH HENNING & BERMAN, LLP,** located at 685 Third Avenue, 18th Floor, New York, New York 10017, the complete certified medical records pertaining to plaintiff Tibor Kiss, **on or before January 6, 2020 at 9:00 a.m.**

      Your appearance is not required. You are merely required to deliver the certified records to our office. Upon receipt, please contact Bolam Kim at (212) 999-7133 in order to avoid any inconvenience to you.

A copy of Rule 45 of the Federal Rules of Civil Procedure—including Rule 45(d) relating to protecting a person subject to a subpoena and Rule 45(e) relating to duties in responding to a subpoena—are attached.

Dated: New York, New York
December 4, 2019

**SO ORDERED**

*/s/ Lorna G. Schofield*
HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

                                        WOOD SMITH HENNING & BERMAN, LLP

                                  By: _____
                                           Bolam Kim
                                           *Attorneys for Defendant*
                                           **Judy Painting Corp.**
                                           685 Third Avenue, 18th Floor
                                           New York, New York 10017
                                           (212) 999-7133
                                           bkim@wshblaw.com

TO:

RONAI & RONAI, LLP
Timothy Lavin, Esq.
*Attorneys for Plaintiff*
34 Adee Street
Port Chester, New York 10573
(800)-664-7111
timothylavin@ronaifirm.com

NEWMAN MYERS KREINES GROSS HARRIS, P.C.
Timothy Parlin, Esq.
*Attorneys for Defendant/Third-Party Plaintiff*
**Clinton Green North, LLC,**
**Dermot Clinton Green, LLC, and**
**AvalonBay Communities, Inc.**
40 Wall Street, 26th Floor
New York, New York 10005
(212) 384-7095
tparlin@nmkgh.com

RUTA SOULIOS & STRATIS LLP
Joseph A. Ruta, Esq.
*Attorneys for Third-Party Defendant*
**Z&Z Service Inc.**
211 East 43rd Street, 24th Floor
New York, New York 10017
(212) 997-4500
jruta@lawnynj.com

United States Code Annotated
  Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
    Title VI. Trials

Federal Rules of Civil Procedure Rule 45

Rule 45. Subpoena

Currentness

**(a) In General.**

  **(1)** *Form and Contents.*

    **(A)** *Requirements--In General.* Every subpoena must:

      **(i)** state the court from which it issued;

      **(ii)** state the title of the action and its civil-action number;

      **(iii)** command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

      **(iv)** set out the text of Rule 45(d) and (e).

    **(B)** *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

    **(C)** *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

    **(D)** *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

  **(2)** *Issuing Court.* A subpoena must issue from the court where the action is pending.

**(3) *Issued by Whom*.** The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

**(4) *Notice to Other Parties Before Service*.** If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

**(b) Service.**

**(1) *By Whom and How; Tendering Fees*.** Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

**(2) *Service in the United States*.** A subpoena may be served at any place within the United States.

**(3) *Service in a Foreign Country*.** 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

**(4) *Proof of Service*.** Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery

from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**CREDIT(S)**
(Amended December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; April 29, 1985, effective August 1, 1985; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 25, 2005, effective December 1, 2005; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007; April 16, 2013, effective December 1, 2013.)

**ADVISORY COMMITTEE NOTES**
1937 Adoption

This rule applies to subpoenas ad testificandum and duces tecum issued by the district courts for attendance at a hearing or a trial, or to take depositions. It does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority. The enforcement of such subpoenas by the district courts is regulated by appropriate statutes.



OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Tibor Kiss | ▓▓1983 | |

| Patient Address |
|---|
| 1544 41st Street Brooklyn, NY 11218 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

| 7. Name and address of health provider or entity to release this information: |
|---|
| New York Presbyterian Hospital -Lowetr Manhattan 170 William St, New York, NY 10038 |

| 8. Name and address of person(s) or category of person to whom this information will be sent: |
|---|
| WOOD SMITH HENNING & BERMAN, LLP 685 Third Avenue, 18th Floor New York, NY 10017 |

9(a). Specific information to be released:
- ☐ Medical Record from (insert date) __n/a__ to (insert date) __n/a__
- ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ☒ Other: **Medical records for D/A: 9/12/2017 to present**

Include: (*Indicate by Initialing*)
_____ Alcohol/Drug Treatment
_TK_ Mental Health Information
_TK_ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize __n/a__
    Initials                        Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
n/a
_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☒ Other: **Legal** | 11. Date or event on which this authorization will expire:<br>4\1\2020 |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____   Date: 10\1\2019
Signature of patient or representative authorized by law.

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

Notary Public, State of New York
Qualified in Westchester County
Registration No. 01VE6217423
Commission expires 4-9-22