The Application of Defendants Clinton Green North LLC, Dermot Clinton Green LLC and AvalonBay Communities, Inc. to file a motion for summary judgment against Judy Painting Corp. for contractual indemnification is DENIED. The Eighth Amended Civil Case Management Plan set the case management conference for August 29, 2019, at 10:30 A.M. (Dkt 132). The Court's Individual Rules provide that pre-motion letters must be filed at least ten business days before the proposed conference date. (Individual Rule III.A.1). The Court was first informed of this request to file a motion for summary judgment on November 26, 2019. Accordingly, the request to file is untimely.

SO ORDERED.

Dated: December 16, 2019
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2019

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Tibor Kiss v. Clinton Green North, LLC, et al.
              *Docket No.: 17-cv-10029 (LGS)*

Your Honor:

       We represent Defendants, Clinton Green North LLC, Dermot Clinton Green LLC and AvalonBay Communities, Inc. and Third-Party Plaintiff Clinton Green North LLC (collectively "AvalonBay") in the above-referenced matter. Pursuant to this Court's Order dated December 3, 2019 [ECF Doc. No. 158], Individual Rule III.A.1 and Local Civil Rule 37.2, we respectfully submit this pre-motion letter in support of AvalonBay's request for permission to file a motion for summary judgment against Third-Party Defendant Judy Painting Corp. ("Judy Painting") for contractual indemnification.

       Tibor Kiss filed a complaint alleging he was injured on September 12, 2017 while working at the premises known as Avalon Clinton (the "Premises"). Mr. Kiss alleges that he sustained injuries when he fell from a ladder while performing work at the Premises. Mr. Kiss was injured during the course and scope of his employment with Third-Party Defendant, Z&Z Services, Inc. ("Z&Z"), which was retained by Judy Painting.

       The basis for this motion is the November 11th deposition[1] of Zoltan Mihalyi, the President of Judy Painting, who affirmed the terms and conditions as well as the execution of and performance under the Operational Services Master Agreement between Judy Painting and AvalonBay, which is dated October 9, 2015 (the "Master Agreement"), and which was in effect prior to the date of loss.

---

[1] Mr. Mihalyi's deposition was conducted in the related action *Clinton Green North, LLC et al v. Judy Painting Corp. et al.*, Index No. 19-cv-3420 (LGS).

AvalonBay anticipates that Judy Painting will argue that the Master Agreement is unenforceable because it was not executed by AvalonBay prior to the alleged accident. However, "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound." *Flores v. Lower E. Side Serv. Ctr., Inc.*, 4 N.Y.3d 363, 369, *rearg denied*, 5 N.Y.3d 746 (2005). "In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds." *Id.* at 368. What is undisputed is that Judy Painting exhibited "the objective manifestation of intent" by performing pursuant to the terms of the Master Agreement as evidenced by Mr. Mihalyi's testimony:

- Judy Painting started working for AvalonBay in 2015, [which corresponds to the date of the Master Agreement - October 9, 2015], and AvalonBay was a customer of Judy Painting on September 12, 2017, the date of the alleged incident;

- Although he did not recall if there was a written contract with AvalonBay, when shown the Master Agreement, Mr. Mihalyi acknowledged that he initialed the lower right-hand corner of every page and recognized his signature and the handwritten date;

- Mr. Mihalyi stated that he read the Master Agreement before he signed and dated it;

- Mr. Mihalyi stated he signed the Master Agreement "[t]o work with Avalon" and that if he didn't sign it, Judy Painting would not continue to work with AvalonBay. He also stated that he did not recall any communications with AvalonBay regarding renewing the Master Agreement; i.e., the Master Agreement is the operative agreement between Judy Painting and AvalonBay;

- Since the Master Agreement was executed, Judy Painting continues to perform and be paid under that Agreement for painting work at multiple AvalonBay apartment communities, including the Premises[2]; and

- Mr. Mihalyi stated that by executing the Master Agreement, Judy Painting agreed, *inter alia*, to be bound by the terms and conditions of Paragraphs 9 (Supplier's Liability) and 29 (Indemnification).

Paragraph 29 provides, in pertinent part, as follows:

> Supplier shall defend, indemnify and hold AVB harmless from all loss, damage and expenses sustained by AVB and from all claims, liability and expense suffered by it by reason of any . . . personal injury . . . brought by any other person . . . that results from the . . . use of any goods, products or services referred to in this Agreement. Supplier shall specifically indemnify AVB against any claims brought by . . . other third parties, that might arise out of, or relate in any way to this Agreement . . . The indemnity set forth in this paragraph shall not be limited by the insurance requirements set forth

---

[2] Indeed from 2015 to 2019, Judy Painting has received approximately $10.8 million from AvalonBay under the Master Agreement. Over $900,000 of that amount has been paid for work Judy Painting has performed under the Master Agreement at the Premises, averaging over $150,000 annually for work at that property alone.

in the Supplier Insurance Requirements Section of this Agreement . . . The obligations set forth in this Section shall survive the expiration or termination of this Agreement.

The Master Agreement was in effect on September 12, 2017, the date of Plaintiff's alleged incident. In clear and unequivocal language, Judy Painting agreed to indemnify and defend AvalonBay and to hold it harmless from all claims relating to Judy Painting's work at the Premises, such as Mr. Kiss' while he was working with Z&Z, which was retained by Judy Painting. "A party is entitled to full contractual indemnification [for personal injury damages] provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and surrounding facts and circumstances." *Drzewinski v. Atl. Scaffold & Ladder Co.*, 70 N.Y.2d 774, 777 (1987). "[A]n indemnification clause is enforceable where the party to be indemnified is found to be free of any negligence." *Giangarra v. Pak-Lak Cont., Inc.*, 55 A.D.3d 869, 871 (2nd Dep't 2008). Here, AvalonBay did nothing more than supply Mr. Kiss with a can of paint.

Finally, Paragraph 9 requires Judy Painting to reimburse AvalonBay for its attorney's fees and costs incurred in defending actions such as this. It provides, in pertinent part, as follows:

> Supplier shall be liable to Owner and Manager for all costs Owner or Manager incurs as a result of Supplier's failure to perform, or failure of its suppliers and/or subcontractors (of any tier) to perform. Supplier's liability shall include, but is not limited to: . . . (v) all reasonable attorneys' fees and court costs incurred by Owner and/or Manager to enforce the terms of this Contract with Supplier.

"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from a loser unless an award is authorized by agreement between the parties." *Hooper Assoc. v. AGS Computers*, 74 N.Y.2d 487, 491 (1989). Here these provisions taken together unmistakably provide that Judy Painting agreed to defend, indemnify and hold harmless AvalonBay against all claims, liability and expense, including attorney's fees and costs, arising from any and all claims for personal injuries, such as Mr. Kiss', relating to Judy Painting's work at the Premises.

In sum, the Master Agreement directly addresses AvalonBay's lack of liability for any of Plaintiff's alleged claims since any statutory and vicarious liability must pass thru the Master Agreement to Judy Painting, under which Judy Painting contracted to defend and indemnify AvalonBay for Judy Painting's work. Accordingly, the foregoing supports a finding of summary judgment in favor of AvalonBay for contractual indemnity from Judy Painting. Thus, it is respectfully requested that the Court allow AvalonBay to file its motion for summary judgment against Judy Painting for contractual indemnity, including attorney's fees and costs.[3]

---

[3] It should also be noted that if the Court permits AvalonBay to file its Motion and the Motion is granted, it will obviate the need for the related coverage action against Judy Painting and its liability insurer, Merchants Mutual since any statutory and vicarious liability will be passed through contractual indemnity to Judy Painting, which in turn, will be covered by its insurance coverage with Merchants Mutual.

NEWMAN MYERS KREINES GROSS HARRIS, P.C.

                                       Respectfully submitted,
                                       Newman Myers Kreines Gross Harris, P.C.

                                       Timothy B. Parlin
                                       Attorneys for Clinton Green North LLC,
                                          Dermot Clinton Green LLC
                                       and AvalonBay Communities, Inc.

cc: **VIA ECF**
Ronai & Ronai, LLP
Wood Smith Henning & Berman, LLP
Ruta Soulios & Stratis, LLP