```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/20
```

> Application DENIED. No circumstances warrant changing the prior ruling. With or without such a motion, AvalonBay represents that it will have to establish that the Master Agreement is valid and enforceable. The adjudication of that issue will be law of the case. At that time, AvalonBay may renew its request to seek summary judgment on the issue of contractual indemnification by Judy Painting.
>
> Dated: January 15, 2020
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Court for the
 Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

    Re:    **Kiss v. Clinton Green North, LLC, et al.**
           **Docket No. 17 Civ. 10029 (LGS)**
           **Newman Myers Ref. No.: NABV 22303**

Dear Judge Schofield:

      We represent Defendants Clinton Green North, LLC, Dermot Clinton Green, LLC and AvalonBay Communities, Inc. and Third-Party Plaintiff Clinton Green North, LLC (collectively "AvalonBay") in the above-referenced matter. Per the instructions from Your Chambers we are seeking permission to file a Cross-Motion for Summary Judgment in this matter.

      By way of background, pursuant to the Court's Brief Scheduling Order, [Dkt. #159], on January 10th Third-Party Defendant, Judy Painting Corp. ("Judy Painting") filed its Motion for Summary Judgment, in which it argued that AvalonBay's contractual indemnification claim against Judy Painting must be dismissed because the Operational Master Services Agreement (the "Master Agreement") between the parties is not valid and is unenforceable. [Dkt. # 166 at pp. 21-25]. To address this, AvalonBay must establish that the Master Agreement is valid and enforceable - the very arguments that AvalonBay would make if it filed a Cross-Motion for Summary Judgment. As the Court will recall, AvalonBay previously requested permission to file a Motion for Summary Judgment seeking contractual indemnification from Judy Painting [Dkt. # 163]. The Court allowed Judy Painting to file an Opposition, [Dkt. # 164], wherein Judy Painting argued that AvalonBay's request was untimely. In its Order dated December 16, 2019, the Court agreed with Judy Painting that AvalonBay's request was untimely and on that basis denied AvalonBay's request to file a Motion for Summary Judgment for contractual indemnification. [Dkt. # 165].

NEWMAN MYERS KREINES GROSS HARRIS, P.C.

AvalonBay respectfully submits that by arguing that the Master Agreement is not valid and unenforceable, Judy Painting has "opened the door" for AvalonBay to renew its request and waived any argument that such a motion is "untimely".

I spoke with Your Chambers yesterday about this matter seeking guidance as to how to proceed and was instructed to contact Judy Painting's counsel to see if she would consent to AvalonBay's Cross-Motion. Attached as Exhibit A hereto is an email from Bolam Kim, Judy Painting's counsel, indicating that "Unfortunately, I do not have authority from my carrier to consent to a cross-motion." In light of this, AvalonBay respectfully requests that the Court grant it permission to file a Cross-Motion for Summary Judgment on its contractual indemnification claim against Judy Painting. Permitting a Cross-Motion would also serve the interests of judicial economy. If the Cross-Motion is granted, such a ruling would obviate the related coverage action against Judy Painting and its insurer, Merchants Mutual, since any potential statutory and vicarious liability to Plaintiff would be passed through contractual indemnity to Judy Painting, which in turn, will be covered by its insurer, Merchants Mutual.

Avalon Bay does not expect that the current twenty-five (25) page limit for its Opposition to Judy Painting's Motion for Summary Judgment will be exceeded if the Court permits it to include a Cross-Motion for Summary Judgment. Additionally, AvalonBay's Cross-Motion will be filed on the original return date for its Opposition - February 7th. Per the deadlines set forth in the Court's Briefing Schedule Order, AvalonBay proposes that Judy Painting's Opposition to the proposed Cross-Motion would be due by March 6th and AvalonBay's Reply would be due by March 13th.

Respectfully submitted,

NEWMAN MYERS KREINES GROSS HARRIS, P.C.

Timothy B. Parlin

TBP

**VIA CM/ECF**

*Counsel in the Underlying Action:*

Holly Ostrov Ronai, Esq.
Timothy Lavin, Esq.
Attorneys for Plaintiff
Ronai & Ronai, LLP
34 Adee Street
Port Chester, New York 10573

NEWMAN MYERS KREINES GROSS HARRIS, P.C.

Bolam Kim, Esq.
Attorneys for Defendant/ Third-Party Defendant Judy Painting Corp.
Wood Smith Henning & Berman LLP
685 Third Avenue
New York, New York 10017

Joseph A. Ruta, Esq.
Attorneys for Third-Party Defendant Z & Z Services, Inc.
Ruta, Soulios & Stratis LLP
211 East 43rd Street
24th Floor
New York, NY 10017

# Exhibit A

# Tim Parlin

| | |
|---|---|
| **From:** | Bolam Kim <BKim@wshblaw.com> |
| **Sent:** | Monday, January 13, 2020 6:14 PM |
| **To:** | Tim Parlin |
| **Cc:** | Tracy J. Abatemarco |
| **Subject:** | Kiss - Cross-Motion |

Hi Tim:

I received your voicemail about your cross-motion. Unfortunately, I do not have authority from my carrier to consent to a cross-motion. Thank you.

Best,
Bolam

## Bolam Kim
Senior Counsel | Wood, Smith, Henning & Berman LLP
685 3rd Avenue, 18th Floor | New York, NY 10017
bkim@wshblaw.com | **T** (212) 999-7133 | **M** (646) 965-1861



**CALIFORNIA • NEVADA • ARIZONA • COLORADO • WASHINGTON • OREGON • NEW JERSEY • CONNECTICUT •
PENNSYLVANIA • GEORGIA • ILLINOIS • NORTH CAROLINA • NEW YORK • FLORIDA • TEXAS**

CONFIDENTIALITY NOTICE: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you receive this transmission in error, please notify the sender by reply email and delete this message and any attachments.

1