UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    TIBOR KISS,
                              Plaintiff,

          -against-

    CLINTON GREEN NORTH, LLC, et al.,
                              Defendant.
----------------------------------------------------------      17 Civ. 10029 (LGS)

    CLINTON GREEN NORTH, LLC,            OPINION & ORDER
                           Third Party
                           Plaintiff,

          -against-

    JUDY PAINTING CORP, et al.,
                           Third Party
                           Defendants.
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Tibor Kiss alleges that Clinton Green North, LLC, Dermot Clinton Green, LLC, AvalonBay Communities, Inc. (collectively, the "Owner Defendants") and Judy Painting Corp. have violated New York Labor Law §§ 240(1), 241(6) and 200 and have committed common law negligence. Plaintiff and Judy Painting have filed cross-motions for summary judgment. For the reasons below, Plaintiff's motion for summary judgment is denied, and Judy Painting's motion for summary judgment is granted in part and denied in part.[1]

---

[1] Judy Painting's request to dismiss the Owner Defendants' third-party contractual indemnification claim is addressed in a separate order.

**I.   BACKGROUND**[2]

The Owner Defendants owned the apartment complex at 515 West 52nd Street, New York, New York, in September 2017 (the "Property"). They entered into an agreement with Judy Painting in 2015 to perform all of the wall repair and painting work at the Property, among other tasks. Judy Painting subcontracted this work to Z&Z Services, Inc., a third-party defendant in this action and an affiliate of Judy Painting. (The same two people who owned Judy Painting also owned Z&Z Services.) A worker named Richard Gyurus performed work for both Judy Painting and Z&Z Services. Mr. Gyurus coordinated the scheduling of painters at the Property, but he did not instruct or supervise them.

In 2017, Z&Z Services hired and paid painters on a three-month trial basis. Judy Painting then hired the painters who had passed the three-month trial. In September 2017, Plaintiff had worked for two months as a painter and was paid by Z&Z Services. Each week, he emailed a Judy Painting address about the work he had completed in order to receive payment from Z&Z Services.

On September 11, 2017, Z&Z Services told Gyurus that the Owner Defendants had requested that Property unit 10A be painted. Gyurus then directed Plaintiff to paint the unit. Plaintiff received this direction and arrived to paint the unit the next day. He obtained a ladder and paint from the property basement, but otherwise brought his own tools, which was the standard practice. The ladder was approximately four feet tall and had an A-frame. Plaintiff inspected the ladder before beginning work and confirmed that it was in good condition.

---

[2] The facts are taken from Plaintiff's Rule 56.1 statement and evidence submitted on this motion. Judy Painting and the Owner Defendants did not file a response to Plaintiff's Rule 56.1 statement, nor did they file their own Rule 56.1 statements in support of their own motions. Consequently, the facts in Plaintiff's 56.1 statement are deemed admitted. See Fed. R. Civ. P. 56(e); SDNY Local Rule 56.1(c). Based on the parties' submissions, these background facts do not appear to be disputed and, in any event, are not critical to the outcome of this Opinion.

At one point, Plaintiff was standing on the ladder in the unit 10A bathroom. He stated at his deposition that before ascending, he confirmed that the hinges were locked to secure the ladder in place. The ladder was not held in place by any person, as Plaintiff was alone. Plaintiff testified that the legs of the ladder were stable on the bathroom tile floor. Plaintiff fell off the ladder and suffered serious injuries due to the fall. The ladder did not collapse when Plaintiff fell. Following the incident, the Workers' Compensation Board determined that Plaintiff was a Z&Z Services employee. Z&Z Services paid Plaintiff workers' compensation benefits.

## II.  STANDARD

When parties cross-move for summary judgment, the Court analyzes the motions separately, "in each case construing the evidence in the light most favorable to the non-moving party." *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018). Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (quotation marks omitted). "Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013); *accord Starr Indem. & Liab. Co. v. Brightstar*

*Corp.*, 388 F. Supp. 3d 304, 323 (S.D.N.Y. 2019).

## III. DISCUSSION

Judy Painting argues that Plaintiff's claims must be dismissed because Plaintiff was its employee. Judy Painting also argues that the NYLL claims should be dismissed because it is not a proper labor law defendant. Finally, Judy Painting argues that the claims should be dismissed based on the undisputed facts. Plaintiff cross-moves for summary judgment against Judy Painting on the §§ 240(1) and 200 claims, and against the Owner Defendants on his § 240(1) claim. As explained below, Plaintiff' motion for summary judgment is denied. Judy Painting's motion is granted in part; the § 241(6) claim is dismissed, but the motion otherwise denied.

### 1. Whether Plaintiff is Judy Painting's Employee

"Workers' Compensation Laws §§ 11 and 29(6) restrict an employee from suing his or her employer . . . for an accidental injury sustained in the course of employment." *Fung v. Japan Airlines Co.*, 880 N.E.2d 845, 849 (N.Y. 2007); *accord Dube v. Cty. of Rockland*, 75 N.Y.S.3d 239, 241 (2d Dep't 2018). The rule applies to general and special employees. *See Thompson v. Grumman Aerospace Corp.*, 585 N.E.2d 355 (N.Y. 1991); *accord Dube*, 75 N.Y.S.3d at 241. Plaintiff is entitled to, and has received, workers compensation benefits from Z&Z Services as his general employer. ECF 175 ¶ 25; 173-9. Judy Painting argues that Plaintiff is its special employee, and therefore Plaintiff cannot sue Judy Painting for damages due to the work injury. Judy Painting is incorrect and is not entitled to summary judgment because a reasonable jury could find that Plaintiff was not Judy Painting's special employee.

A special employee is a worker "who is transferred for a limited time of whatever duration to the service of another." *Thompson*, 585 N.E.2d 355 at 357; *accord Dube*, 75 N.Y.S.3d at 241. "General employment is presumed to continue, but this presumption is

4

overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer." *Thompson*, 585 N.E.2d at 357; *accord Reyes v. Crothall Healthcare, Inc.*, 794 F. App'x 132, 134 (2d Cir. 2020) (summary order). To determine whether a party is a special employee, courts consider (1) the right to control the employee's work; (2) the method of payment; (3) the furnishing of equipment; (4) the right to discharge; and (5) the relative nature of the work. *See Dube*, 75 N.Y.S.3d at 241; *accord Collado v. Crothall Healthcare, Inc.*, 17 Civ. 3078, 2017 WL 6502230, at *3 (S.D.N.Y. Dec. 15, 2017) (applying New York law). A "significant and weighty" factor is "who controls and directs the manner, details, and ultimate result of the employee's work." *Thompson*, 585 N.E.2d at 358; *accord Flanagan v. Kajima USA, Inc.*, 79 N.Y.S.3d 672, 673 (2d Dep't 2018).

The undisputed facts do not establish that Plaintiff is Judy Painting's special employee. Indeed, they suggest that he is not: it is undisputed that Judy Painting did not pay Plaintiff and did not furnish equipment to Plaintiff; and it is undisputed that Plaintiff worked alone and was not under supervision or direction while working. It remains disputed whether Gyurus gave Plaintiff assignments on behalf of Z&Z Services or Judy Painting. And the record does not make clear whether Judy Painting could discharge Plaintiff. On this basis a reasonable jury could find that Plaintiff was not Judy Painting's special employee. That Plaintiff emailed a Judy Painting address to receive payment from Z&Z Services does not establish that Judy Painting assumed control nor that Z&Z Services surrendered it, in the absence of any other undisputed evidence of Judy Painting's control. Judy Painting is not entitled to summary judgment on the ground that Plaintiff was Judy Painting's special employee.

New York appellate courts have refused to find a special employment relationship as a matter of New York law based on similar and less compelling facts. *See Dube,* 75 N.Y.S.3d at

241-42 (refusing to find a special employment relationship as a matter of law where the general employer paid the plaintiff's wages and benefits and retained authority to discharge and discipline him, even though the plaintiff was under the control of the third party on the day of the injury); *Zupan v. Irwin Contracting, Inc.*, 43 N.Y.S.3d 113, 115-17 (2d Dep't 2016) (refusing to find a special employment relationship as a matter of law because it remained disputed whether the third party had exclusive supervisory authority over the plaintiff). The same can be said about courts in this District applying New York law. *See Medrano v. Aramark Healthcare Techs., LLC*, No. 14 Civ. 6777, 2015 WL 4750703, at *5 (S.D.N.Y. Aug. 11, 2015) (refusing to find a special employment relationship as a matter of law even though the third-party company supervised and managed all aspects of the employee's work); *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 7 Civ. 1588, 2015 WL 13680357, at *3 (S.D.N.Y. Apr. 17, 2015) (refusing to find a special employment relationship as a matter of law even though the third-party company supervised and directed the workers, as evidence existed that the general employer provided similar supervisions as well).

Judy Painting argues that *Thompson* compels a contrary decision. This argument is incorrect as that case is factually very different from this one. In *Thompson*, the Court of Appeals held that the plaintiff was a special employee of Grumman Aerospace Corp. as a matter of law because "Grumman exerted comprehensive control over every facet of [the plaintiff's] work." *Thompson*, 585 N.E.2d at 356. The Court of Appeals also noted that the plaintiff "reported daily to a Grumman supervisor . . . who assigned, supervised, instructed, oversaw, monitored and directed his work duties on a daily basis." *Id.* at 358. In *Thompson*, "all essential, locational and commonly recognizable components of the work relationship were between [the plaintiff] and Grumman." *Id.* Those are not the facts here. Judy Painting points to evidence that

6

Plaintiff subjectively believed that he was a Judy Painting employee.  Although *Thompson* suggests that this fact may be relevant, *see id.*, when viewed with the other evidence construed in Plaintiff's favor as the non-moving party, it is not enough to warrant a finding as a matter of law that Plaintiff was Judy Painting's special employee.

### 2.  Whether Judy Painting is a Proper Labor Law Defendant

Claims under New York Labor Law §§ 240(1), 241(6) and 200 may be brought only against owners, contractors and their agents.  *See* N.Y. Lab. Law § 240(1) (applying to "[a]ll contractors and owners and their agents"); § 241 (sub-provisions applying to "[a]ll contractors and owners and their agents"); *Merino v. Cont'l Towers Condo.*, 72 N.Y.S.3d 59, 60-61 (1st Dep't 2018) ("Labor Law §§ 240(1) and 241(6) impose absolute liability on owners, contractors, and their agents . . . ."); *Hill v. Mid Island Steel Corp.*, 83 N.Y.S.3d 626, 627 (2d Dep't 2018) ("Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents . . . ."). Judy Painting argues that, in contrast to the Owner Defendants, it is not a cognizable labor law defendant.  This argument is incorrect because Judy Painting is the Owner Defendants' agent for purposes of the labor law claims.

"A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured."  *Diaz v. Trevisani*, 82 N.Y.S.3d 549, 554 (2d Dep't 2018) (quotation omitted); *accord Blake v. Neighborhood Hous. Servs. of New York City, Inc.*, 803 N.E.2d 757, 765 (N.Y. 2003) ("An agency relationship for purposes of section 240(1) arises only when work is delegated to a third party who obtains the authority to supervise and control the job.").  "[T]he test of whether a defendant is a statutory agent subject to liability under th[o]se sections is not whether it actually supervised the work, but whether it had the authority to do so."  *Merino*, 72 N.Y.S.3d at 61;

*accord Diaz*, 82 N.Y.S.3d at 554.  The Owner Defendants contracted with Judy Painting to have jobs completed at the Property.  Judy Painting subcontracted to have its affiliate Z&Z Services perform the work.  In 2017, Z&Z hired painters for a three-month trial, and if they passed, they were hired by Judy Painting.  Mr. Gyurus who worked for both Judy Painting and Z&Z Services coordinated the scheduling of painters.  Nothing in the record suggests that the Owner Defendants retained or exercised any authority to supervise and control the painting of apartments.  These undisputed facts establish that Judy Painting had the authority, delegated by the Owner Defendants, to supervise and control Plaintiff's work.  That Judy Painting may have chosen to undertake little supervision is legally irrelevant.  Judy Painting was a statutory agent of the owners with regard to Plaintiff's painting assignment, subject to liability under the labor laws.

### 3. Labor Law § 240(1) Claims Against Judy Painting and Owner Defendants

Judy Painting moves for summary judgment on the § 240(1) claim.  Plaintiff cross-moves for summary judgment on the same claim against Judy Painting and the Owner Defendants.  Summary judgment is denied on both motions.

Labor Law § 240 "impose[s] absolute liability on '[a]ll contractors and owners and their agents' for any breach of a statutory duty to provide safety measures that proximately cause injury."  *Albanese v. City of New York*, 833 N.E.2d 1213, 1214 (N.Y. 2005); *accord Lincho v. Nat'l R.R. Passenger Corp.*, 338 F. Supp. 3d 343, 351 (S.D.N.Y. 2018).  "Although the statute is meant to be liberally construed to accomplish its intended purpose, absolute liability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of a kind enumerated therein."[3]  *O'Brien v. Port Auth. of*

---

[3] Labor Law § 240(1) states that contractors and owners and their agents engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure"

8

*New York & New Jersey*, 74 N.E.3d 307, 310 (N.Y. 2017) (quotation omitted). "In other words, [l]iability may . . . be imposed under the statute only where the 'plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential.'" *Id*. (alteration in original).

When a plaintiff falls from a ladder, liability under § 240(1) attaches "when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder was a substantial factor in causing the plaintiff's injuries." *DeSerio v. City of New York*, 95 N.Y.S.3d 864, 864-65 (2d Dep't 2019) (alteration in original) (quotation omitted). The Court of Appeals has expressly stated that "the fact that a worker falls at a construction site, in itself, does not establish a violation of Labor Law § 240(1)." *O'Brien*, 74 N.E.3d at 310.

Both motions for summary judgment on this claim are denied because the undisputed facts do not entitle either party to judgment as a matter of law when construed in the others' favor. It is undisputed that the A-frame ladder was approximately four feet tall and stable on the tile bathroom floor when the incident occurred. It is also undisputed that Plaintiff confirmed that the hinges were securely in place and that the ladder was in good working condition before ascending. A reasonable trier of fact could conclude that the Owner Defendants and Judy Painting failed to provide adequate protection against the Plaintiff's risk of falling by allowing him to ascend the ladder without a second person to steady the ladder or watch him. On the other hand, a reasonable trier of fact could also conclude that the Owner Defendants and Judy Painting provided adequate protection by ensuring that the ladder was in good working condition and otherwise ensuring that unit 10A was safe for ladder use.

---

must provide "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." *See* New York Labor Law § 240(1).

9

Plaintiff argues that both a fall from an unsecured ladder and a ladder moving are *prima facie* violations of § 240(1). Plaintiff misstates the law, which imposes liability only "where the 'plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential.'" *Id.* Plaintiff also contends that it is undisputed that the Owner Defendants and Judy Painting did not provide any additional safety devices. Although Plaintiff is correct that a ladder that is around four feet tall is not presumptively safe, a reasonable juror could conclude that such a ladder does not need additional protections, assuming that it is in good working condition. *See, e.g.*, *Nicometi v. Vineyards of Fredonia, LLC*, 30 N.E.3d 154, 158 (N.Y. 2015) ("[S]ection 240(1) is not applicable unless the plaintiff's injuries result[ed] from the elevation-related risk and the inadequacy of the safety device.").

### 4. Labor Law § 200 Claims & Common Law Negligence Against Judy Painting

Judy Painting's motion for summary judgment on the § 200 claim is denied because, as discussed above, Judy Painting is a proper § 200 defendant as a statutory agent of the Owner Defendants, and because a reasonable jury could find for Plaintiff on the merits of the claim. Plaintiff's motion for summary judgment on the § 200 claim is similarly denied because a reasonable jury could find for Judy Painting on the merits of the claim.

"Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work." *Hill*, 83 N.Y.S.3d at 627 (quotation omitted); *accord Rizzuto v. L.A. Wenger Contracting. Co.*, 693 N.E.2d 1068, 1073 (N.Y. 1998). "Because § 200 is a codification of the common law of negligence, courts generally analyze claims brought under both § 200 and the common law simultaneously." *Lincho*, 338 F. Supp. 3d at 357 (quoting *Zapata v. Riverside Study Ctr., Inc.*, No. 10 Civ. 6283,

10

2012 WL 1744792, at *9 (S.D.N.Y. May 16, 2012)). Liability under § 200 can attach when a plaintiff's injury "arises out of . . . defect[s] or [dangers] in the methods or materials of the work," as long as "it is shown that the party to be charged exercised some supervisory control over the operation." *In re World Trade Center*, 2015 WL 13680357 at *2 (quotation omitted); *accord Ross v. Curtis-Palmer Hydro-Elec. Co.*, 618 N.E.2d 82, 88 (N.Y. 1993). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when the defendant bears the responsibility for the manner in which the work is performed." *Boody v. El Sol Contracting & Constr. Corp.*, 116 N.Y.S.3d 586, 587 (2d Dep't 2020) (quotation omitted).

Plaintiff's motion for summary judgment to find that Judy Painting violated § 200 is denied because a reasonable jury could find that Judy Painting did not have responsibility over the manner in which Plaintiff worked, or that the work conditions in unit 10A were not defective or dangerous. Conversely, a reasonable jury could find that Judy Painting did have responsibility over Plaintiff's work, and that the conditions in which he worked were dangerous.

It is undisputed that Judy Painting contracted with the Owner Defendants to paint (or have painted) the units at the Property, and that Plaintiff was painting unit 10A pursuant to that agreement. It is also undisputed that Plaintiff was not given any instructions or directions with respect to how to complete the work that Mr. Gyurus assigned. Based on these facts, a reasonable jury could find for either Plaintiff or Judy Painting on the § 200 claim. When construed in Plaintiff's favor, these facts support the inference that Judy Painting's position in relation to the painter's functionally gave it power and responsibility over how the painters like Plaintiff completed their tasks. However, when construed in Judy Painting's favor, the facts suggest that only Plaintiff bore responsibility for the manner in which he performed his work. On this basis, summary judgment is denied as to both parties.

While Plaintiff's testimony is undisputed that the ladder on which he worked was not defective, there remains a question of fact whether Plaintiff's injury arose out of dangerous conditions. When construing the facts in Plaintiff's favor, a reasonable juror could find that Judy Painting should have provided additional safeguards, such as a second person to hold the ladder or a safety harness for the painter. However, when construing the facts in Judy Painting's favor, a reasonable juror could find that no additional safeguards were needed since the ladder was only four feet tall and in good working condition. Summary judgment on the § 200 claim and the negligence claim is denied.

### 5. Labor Law § 241(6) Claims Against Judy Painting

Judy Painting's motion for summary judgment on the § 241(6) claim is granted. "To establish liability under Labor Law § 241(6), a plaintiff or claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case." *Rodriguez v. 250 Park Avenue, LLC*, 76 N.Y.S.3d 107, 109 (2d Dep't 2018) (alteration in original) (quotation omitted); *accord Ortega v. Puccia*, 866 N.Y.S.2d 323, 328 (2d Dep't 2008) ("[C]auses of action invoking that statute must be based upon violations of specific codes, rules, or regulations applicable to the circumstances of the accident."). The Second Amended Complaint does not identify any specific codes, rules or regulations, nor do Plaintiff's memoranda of law in connection with the cross-motions. As Plaintiff has failed to submit any evidence that his injuries were proximately caused by a violation of the Industrial Code, Judy Painting's motion for summary judgment on the § 241(6) claim is granted.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is denied. Judy

Painting's motion for summary judgment is granted as to the § 241(6) claim and denied as to the remaining claims. For clarity, the following claims survive against Judy Painting -- the § 240(1) claim, the § 200 claim, and the common law negligence claim. The Clerk of Court is respectfully directed to close docket numbers 172, 182, 185.

Dated: July 22, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**