```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TIBOR KISS,                                                 :
                                        Plaintiff,          :
                                                            :
                -against-                                   :
                                                            :
CLINTON GREEN NORTH, LLC, et al.,                           :
                                        Defendant.          :
------------------------------------------------------------ :   17 Civ. 10029 (LGS)
                                                            :
CLINTON GREEN NORTH, LLC,                                   :   OPINION & ORDER
                                        Third Party         :
                                        Plaintiff,          :
                                                            :
                -against-                                   :
                                                            :
JUDY PAINTING CORP, et al.,                                 :
                                        Third Party         :
                                        Defendants.         :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Tibor Kiss alleges that Clinton Green North, LLC ("CGN"), Dermot Clinton Green, LLC, AvalonBay Communities, Inc. (collectively, the "Owner Defendants") and Judy Painting Corp. ("Judy Painting") have violated New York Labor Laws and committed common law negligence. In connection with this action, CGN filed an Amended Third Party Complaint seeking common law indemnification and contribution from Judy Painting and Z&Z Services, Inc. ("Z&Z Services"), and seeking contractual indemnification from Judy Painting. Judy Painting then filed seven cross-claims seeking common law and contractual indemnification and contribution from Z&Z Services, and alleging breach of contract. Z&Z Services has filed a motion for summary judgment, seeking to dismiss CGN's third-party claim and Judy Painting's cross-claims. For the reasons herein, the motion for summary judgment is granted.

I. **BACKGROUND**

The Court recently issued an Opinion denying Plaintiff's motion for summary judgment and granting in part and denying in part Judy Painting's motion for summary judgment in this action (the "Opinion"). *See Kiss v. Clinton Green North, LLC, et al.*, 19 Civ. 10027, 2020 WL 4226564 (S.D.N.Y. July 23, 2020). The undisputed facts as described in the Opinion are incorporated herein. *Id*. The following additional facts are also undisputed. As a result of Plaintiff's fall, he sustained serious injuries including, but not limited to, cervical, thoracic and lumbar disc herniations requiring him to undergo a back discectomy and a neck fusion surgery.

Zoltan Mihalyi and Zsolt Jeges were equal shareholders of both Z&Z Services and Judy Painting in September 2017. On September 11, 2017, the two companies had not signed an agreement for Z&Z as subcontractor to paint unit 10A at the Owner Defendants' property. Instead, Mihalyi and Jeges signed the subcontract agreement several months later, but nonetheless dated the agreement September 11, 2017. Mihalyi signed the subcontract agreement on Judy Painting's behalf, and Jeges signed on Z&Z Services behalf. The subcontract agreement includes an insurance provision requiring Z&Z Services as subcontractor to maintain insurance, and an indemnification provision requiring Z&Z as subcontractor to indemnify Judy Painting and others.

II. **STANDARD**

Summary judgment is proper where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co. v.*

*Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The movant bears the initial burden of demonstrating the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Victory v. Pataki*, 814 F.3d 47, 58-59 (2d Cir. 2016). Courts must construe the evidence and draw all reasonable inferences in the non-moving party's favor. *See Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 71-72 (2d Cir. 2016). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pippins v. KPMG, LLP*, 759 F.3d 235, 252 (2d Cir. 2014) (quoting *Anderson*, 477 U.S. at 248).

### III. DISCUSSION

#### 1. The Common Law Indemnification and Contribution Claims

"'An employer's liability for an on-the-job injury is generally limited to workers' compensation benefits, but when the employee suffers a 'grave injury' the employer also may be liable to third parties for indemnification or contribution.'" *Alulema v. ZEV Electrical Corp.*, 168 A.D.3d 469, 470 (1st Dep't 2019) (quoting *Rubeis v. Aqua Club, Inc.*, 3 N.Y.3d 408, 412-13 (N.Y. 2004)). A "grave injury" under New York's workers' compensation laws is defined as

> death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.

N.Y. Workers' Comp. § 11. The Workers' Compensation Board determined that Z&Z Services was Plaintiff's employer. Z&Z Services' motion for summary judgment to dismiss the common law indemnification and contribution claims brought by Judy Painting is granted because the evidence in the record does not support a finding that

3

Plaintiff's fall resulted in a "grave injury" as defined under New York workers' compensation law.

### 2. Judy Painting's Contractual Claims

Judy Painting also seeks contractual indemnification and contribution from Z&Z Services based on the subcontractor agreement, and also alleges that Z&Z Services breached the agreement by refusing to indemnify Judy Painting and failing to procure insurance. The workers' compensation exclusivity rule does not apply to indemnification and contribution claims that arise under contract. *See New York Hosp. Med. Ctr. of Queens v. Microtech Contracting Corp.*, 5 N.E.3d 993, 994 (N.Y. 2014) ("Section 11 bars third-party lawsuits for contribution and indemnification against an injured employee's employer unless . . . the employer agreed to contribution and indemnification in a written contract entered into with the third party prior to the accident."); N.Y. Workers' Comp. § 11 ("For purposes of this section the terms 'indemnity' and 'contribution' shall not include a claim or cause of action for contribution or indemnification based upon a provision in a written contract entered into prior to the accident or occurrence."). Z&Z Services argues that all of Judy Painting's cross-claims based on the subcontract agreement must be dismissed because the agreement is not valid.

"An indemnification agreement that is executed after a plaintiff's accident . . . may only be applied retroactively where it is established that (1) the agreement was made as of a date prior to the accident and (2) the parties intended the agreement to apply as of the prior date." *Guthorn v. Village of Saranac Lake*, 169 A.D.3d 1298, 1300 (3d Dep't 2019). Z&Z Services motion for summary judgment as to Judy Painting's contractual cross-claims is granted based on the undisputed evidence submitted to the Court on this motion. Jeges, one of Z&Z's co-owners and the signator of the subcontract agreement on behalf of Z&Z, testified that no agreement between

Z&Z Services and Judy Painting was in effect in September 2017, and that they signed the subcontract agreement at a later date because they were told to do so. Even when the facts are construed in Judy Painting's favor, no reasonable juror could find that Mihalyi and Jeges agreed for Z&Z Services to indemnify Judy Painting before September 12, 2017, when Jeges has testified that no agreement was in place.

Judy Painting contends that Z&Z Services exhibited the objective manifestation of intent to be bound by the subcontract agreement by continuing to complete painting and other subcontracting projects for two months after the accident occurred and before the agreement was signed. Z&Z Services' continued work, however, does not exhibit any intent as to specific and unrelated terms of the subcontract agreement. As Jeges' express testimony confirmed that Z&Z Services did not intend for the contractual indemnity provision to apply to the working agreement between Judy Painting and Z&Z Services in September 2017, there is no basis in the record for a reasonable juror to find otherwise.

## IV.   CONCLUSION

For the reasons stated above, Z&Z Services' motion for summary judgment is granted with respect to CGN and Judy Painting's common law indemnification and contribution claims, and is granted with respect to Judy Painting's contractual cross-claims. The Clerk of Court is respectfully directed to close the motion at Docket Number 178.

SO ORDERED

Dated: July 24, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**