UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIBOR KISS,
                                    Plaintiff,

                -against-

CLINTON GREEN NORTH, LLC et al.,
                                  Defendants.
------------------------------------------------------------X

17 Civ. 10029 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant Judy Painting Corp. filed seven motions *in limine* in anticipation of trial. It is hereby ORDERED that:

      1.    Defendant's motion to preclude Plaintiff's loss of earnings claim (Dkt. No. 228) is DENIED. Plaintiff intends to rely on wage statements from his limited term of employment at Z&Z Service Inc. ("Z&Z"), which were produced to demonstrate lost earnings. Defendant's arguments go to the weight of the evidence and not the admissibility or the propriety of claiming lost wages.

      2.    Defendant's motion to exclude the testimony of Dr. Guenadi Amoachi, or in the alternative, limit his testimony to only the information contained in the MRI reports and films dated November 2, 2017, November 10, 2017, November 17, 2017 and June 14, 2018 (Dkt. No. 231) is GRANTED IN PART and DENIED IN PART. Federal Rule of Civil Procedure 26(a)(2)(C) requires disclosure of "the subject matter [of the testimony and] a summary of the facts and opinions to which the witness is expected to testify." The disclosure does not summarize any facts or opinions. It merely states that Dr. Amoachi "will testify to those facts, opinions and conclusions regarding the MRI films, his records and reports" and "base his facts,

opinions and conclusions on his education, experience, years of training and medical practice, the history he received from the patient, [and] all of Plaintiff's medical records and diagnostic films." (Dkt. No. 232-2) Dr. Amoachi's testimony is limited to his opinions expressed in the MRI reports and he may explain the basis for those opinions.

3. Defendant's motion to exclude the testimony of Dr. Sebastian Lattuga (Dkt. No. 234) is GRANTED IN PART and DENIED IN PART. Plaintiff may not elicit testimony from Dr. Lattuga about Plaintiff's future treatment or surgery, or future medical needs and the cost thereof. The expert disclosure does not disclose what those needs or costs are, and the submitted medical records do not contain any treatment plan after June 26, 2018. Dr. Lattuga's testimony is limited to what is described in the medical records contained in Docket No. 235, including a description of Plaintiff's injuries, the procedures Dr. Lattuga performed, and Plaintiff's pain and physical limitations.

4. Defendant's motion to exclude the testimony of economists Kristin Kucsma and Kenneth T. Betz (Dkt. No. 237) is GRANTED IN PART and DENIED IN PART. Defendant objects to the experts' calculation of Plaintiff's lost earnings, arguing that the experts' opinions are speculative because they relied on Plaintiff's pay records from the nine-week period he was employed at Z&Z and his testimony regarding prior employment. Defendant further contends that the experts' assumptions were speculative because Plaintiff was undocumented and the date of the incident was allegedly his last day working for Z&Z. The experts' opinions are not based on assumptions that are so unrealistic as to warrant exclusion. *See Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996). This portion of the motion is DENIED as Defendant's concerns go to the weight, not the admissibility of the testimony. Defendant also objects to the experts' testimony on the ground that they improperly factored in unemployment compensation

in their calculations despite the fact that Plaintiff is undocumented and not eligible for unemployment benefits in New York.  The report appears to adjust gross earnings by projecting the likelihood of periods of unemployment during a person's expected working life and in so doing, adjusted the projected unemployment rate downward to account for income replacement rate and the probability of unpaid unemployment.  (Dkt. No. 229-6)  To the extent the experts' opinions assume that Plaintiff would have received unemployment benefits, that assumption is erroneous and shall not be relied upon.  Any future testimony on the applicability of future unemployment benefits shall be precluded at the time of trial.

5. Defendant's motion to preclude the contractual indemnification clause of the Master Services Agreement (Dkt. No. 240) is DENIED as moot in light of the parties' stipulation of discontinuance (Dkt. No. 293) resolving all cross-claims between the defendants.

6. Defendant's motion to preclude the testimony of Dr. Joseph Carfi (Dkt. No. 243) is DENIED.  Defendant objects to Dr. Carfi's testimony about Plaintiff's life care plan on the ground that it is speculative because "it is unclear" how he reached his opinions and because he provides annual estimates but does not say for how long Plaintiff will incur these costs.  These arguments are unpersuasive.  Dr. Carfi's opinions are based on his background and experience.  He is a medical doctor, board certified in physical medicine and rehabilitation, and is a certified independent medical examiner.  He reviewed Plaintiff's medical records and conducted a physical examination.  Based on this information, Dr. Carfi opined about Plaintiff's future medical needs, including medical care, medications, diagnostic studies, therapies and assisting devices.  His opinion details Plaintiff's needs in each of these categories and the corresponding cost, based on reference material listed in the report.  Dr. Carfi also opined that Plaintiff's lumbar condition is permanent.  (Dkt. No. 244-4)  Dr. Carfi has specialized knowledge that will help the

trier of fact determine Plaintiff's future medical expenses, his testimony is based on sufficient facts and is the product of reliable principles and methods (his medical training and knowledge), which he has reliably applied. Dr. Carfi's testimony thus satisfies the requirements of Federal Rule of Evidence 702 and is admissible. Federal courts throughout the Second Circuit have admitted similar life care testimony from qualified individuals. *See March v. United States*, No. 17 Civ. 2028, 2021 WL 848723, at *5 (D. Conn. Mar. 5, 2021) (collecting cases).

7.  Defendant's motion to permit its expert witnesses, Dr. Jeffrey Klein and Dr. Jane Mattson, to testify remotely at the time of trial (Dkt. No. 246) is DENIED. Dr. Klein shall testify in person. Pursuant to the Court's COVID-19 protocols, witnesses and the questioning lawyer speak from an enclosed booth with a HEPA filter, and all other persons in the courthouse are masked and distanced. The Court also follows other procedures approved by the Court's consulting epidemiologist. Dr. Mattson shall also testify in person because quarantine following travel is no longer required in New York State.

The Clerk of Court may place on the docket the first sentence of each numbered paragraph above and is respectfully directed to close the motions at Docket Nos. 228, 231, 234, 237, 240, 243 and 246.

Dated: September 21, 2021
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**